# Alabama Great Southern Railroad Co. v. McWhorter.

*Action for Damages for Death of Employe.*

(Decided May 14, 1908. Rehearing denied June 18, 1908.
47 South. 84.)

1. *Master and Servant; Injury to Servant; Negligence.*— Where it appeared that a flagman, who was sent to flag a train, placed torpedoes and a red flag on the track, and passed on some distance and sat down on the cross ties at a place where the engineer was not required to keep a lookout, and where the flagman had no right to anticipate that the flag would be discovered in time to stop the train before it reached him, and the train could not have been stopped, within the distance from the torpedoes to where the flagmen sat when struck, there can be no recovery for any initial negligence of the trainmen on account of the contributory negligence of the flagman; there might, however, be a recovery if the trainmen failed to exercise proper care to prevent injuring him after discovery of his peril.

2. *Railroads; Injury to Person on Track; Negligence; Last Clear Chance.*—One being free from negligence after consciousness of his danger may recover where his peril became apparent in time to avoid the injury by the proper use of means at the command of those in charge of a train, and they negligently failed to resort to such means, notwithstanding his contributory negligence would defeat recovery for antecedent negligence.

3. *Same; Subsequent or Concurrent Negligence.*—One remaining on a railroad track after becoming conscious of the immediate approach of a train instead of leaving the track, is guilty of negligence subsequent to or concurrent with the negligence of the trainmen after discovering such person's peril, which will defeat a recovery; if such person did not know of the immediate approach of the train, however, the rule would be different.

[Alabama Great Southern Railroad Co. v. McWhorter.]

4. *Negligence; Contributory Negligence; Concurrent Negligence.*—For one to be guilty of subsequent or concurrent negligence, he must have been conscious of his peril at the time.

5. *Same; Availability as a Defense; Pleading.*—Contributory negligence should be specially pleaded and unless so pleaded is not available as a defense, although proven.

6. *Master and Servant; Injury to Servant; Contributory Negligence; Jury Question.*—The evidence in this case stated and examined and held to authorize a finding by the jury that the trainmen were negligent in failing to exercise proper care after discovering the flagman's peril, and that the flagman was not guilty of negligence subsequent to or concurrent therewith.

7. *Same; Evidence; Instructions.*—An instruction asserting that if decedent slept or sat on the track and was killed in consequent thereof, the verdict should be for the defendant; and that such acts were negligence and proximately contributed to his death, were properly refused where there was evidence from which the jury could find that the trainmen were negligent after discovery of the peril of such person.

8. *Same; Pleading; Issue; Proof; Variance.*—Where the complaint alleged that decedent was in the service of the defendant and in the discharge of his duty as flagman, and while in the discharge of his duty flagging one of the defendant's trains, a train struck him, etc., it is not supported by evidence that decedent stuck his flag in the ground on the track and assumed a position on the track a considerable distance therefrom, notwithstanding the averment in the complaint was unnecessary.

9. *Same; Complaint; Allegation of Negligence.*—A complaint which alleges that plaintiff's decedent was in the service of the defendant as a flagman and that while in the discharge of his duties, defendant, through its servants, so negligently conducted itself as to run a train against him, killing him, authorizes proof of the negligence of the trainmen for failure to exercise proper care to prevent injuring him after the discovery of his peril, and a recovery therefor.

10. *Evidence; Hypothetical Question; Applicability to Fact.*—The question not being asked to test the skill or knowledge of the witness as an expert, and the evidence showing that the train was running from eighteen to twenty miles an hour, a hypothetical question as to the distance in which a train could be stopped, based on the hypothesis that the train was running fifteen miles an hour, was improper.

11. *Death; Action for; Damages; Evidence.*—Where there was no proof that the plaintiff's decedent had permanently abandoned the calling of baggage-master or had become incapacitated from following it, it was permissible to show what decedent had earned as a baggage-master just prior to his death, as a circumstance going to his earning capacity, the action being for the death of a flagman in the service or employment of the defendant.

12. *Charge of Court; Ignoring Evidence.*—A charge asserting that if decedent placed himself on the track, and failed to heed the approach of the train, the verdict should be for the defendant, although the jury should be reasonably satisfied that the engineer was

guilty of negligence in not heeding signals placed on the track by decedent, pretermits negligence of the trainmen in failing to exercise proper care after discovery of the peril of decedent, as the evidence tended to show.

13. *Same; Applicability to Pleading.*—A charge not limited to the contribtuory negligence pleaded, is properly refused.

14. *Same; Instructions.*—Charges which assert that if any individual juror is reasonably satisfied from all the evidence that the defendant had proven one or more of its pleas a verdict could not be rendered for plaintiff are defective for failure to contain the substance of this defensive matter pleaded, since charges should be so framed as to enable the jury to pass on the issues upon an examination of the charges as applied to the evidence without a resort to an examination of the pleading.

Appeal from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Lillian McWhorter, administratrix of W. H. McWhorter, deceased, against the Alabama Great Southern Railroad Company, for damages for the death of said decedent. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The case made by the complaint is that the intestate was in the employ of the Alabama Great Southern Railroad Company as flagman, and that while engaged in the duties of employment the defendant through its servants and agents so negligently conducted itself as to run a train of cars or an engine upon or against intestate and killed him. The defense was contributory negligence. The evidence tended to show that the plaintiff was sent out to flag a train, and, after placing torpedoes placed a red flag in the center of the track, and went off some distance and sat down on the ties, where he was struck and killed. There was conflict in the evidence as to whether or not the intestate fell asleep, and as to whether or not he was sitting up or lying down when struck. There was conflict in the evidence, also, as to how the torpedoes were placed; some of the evidence tending to show that the torpedoes were placed between the red flag and the approaching train, and the other

evidence tending to show that they were placed between the flag and where intestate was sitting. The evidence of the witness Hopwood related to the rule governing the placing of signals and torpedoes, and the duty of the respective trains in placing the signals and of the approaching trainmen to observe them. The other facts are sufficiently stated in the opinion of the court.

The following charges were refused to the defendant: (1) The general affirmative charge. (5) The affirmative charge as to count 4. "(7) The court charges the jury that if they believe from the evidence that the deceased was sitting or sleeping on the track of defendant, and was killed in consequence thereof, then they must find their verdict for defendant. (8) The court charges the jury that the deceased was sitting or sleeping on the track of defendant, and was killed in consequence thereof, and their verdict must be for defendant. (9) The court charges the jury that if they are reasonably satisfied from the evidence that the deceased sat or lay on, or in dangerous proximity to the track of defendant, this was negligence, and proximately contributed to the accident and his death. (10) The court charges the jury that the deceased did not have the right to put out signals, such as torpedoes and a red flag, and then to presume that the engineer of an approaching train would stop, and negligently place himself on or in close proximity to the track of defendant, and fail to heed the approach of such train; and if the jury should be reasonably satisfied from all the evidence that plaintiff did so put out signals, and negligently place himself on or in dangerous proximity to the track, and fail to heed such approach, then your verdict must be for the defendant, even though you should also be reasonably satisfied from all the evidence that defendant's engineer was guilty of negligence in not heeding such signals. (11)

The court charges the jury in this case that the evidence showed that defendant was guilty of negligence which proximately contributed to his own injury and death, and they cannot find a verdict for plaintiff on the fourth count of complaint as amended. (12) If there is any individual juror who is reasonably satis· fied from all the evidence that defendant has proven any one or more of its pleas, numbered from 1 to 12 inclusive, then you cannot find your verdict for the plaintiff." "(17) The court charges the jury that in this case the evidence shows that deceased was guilty of negligence which proximately contributed to his own injury and death, and their verdict must be for the railroad company. (18) The court charges the jury that the deceased was sitting or sleeping in close proximity to the track of defendant, and was killed in consequence thereof, and their verdict must be for defendant. (19) If there is any individual juror who is reasonably satisfied from all the evidence that plaintiff's intestate was guilty of negligence which proximately contributed to his own injury or death, then you cannot find a verdict for defendant. (20) The court charges the jury that if they believe from all the evidence that the deceased was sitting or sleeping in close proximity to the track of defendant, and was killed in consequence thereof, then they must find a verdict for defendant. (21) If there is any individual juror who is reasonably satisfied from all the evidence that plaintiff's intestate was guilty of any negligence which contributed proximately to his own injury and death, as charged in any one or more of defendant's pleas of contributory negligence, then you cannot find a verdict for defendant." "(23) If there is any individual member of the jury who is reasonably satisfied from all the evidence that plaintiff's intestate was guilty of negligence which proxi-

C 18

mately contributed to his own death, then you cannot find a verdict for plaintiff, even though you are reasonably satisfied from the evidence that defendant's engineer, B. J. Murphy, was also guilty of negligence which caused or contributed to the accident." "(25) If the jury believe from the evidence in this case that deceased was sitting on the cross-ties near and in dangerous proximity to the track or iron rail, and was hurt in consequense thereof, then the court charges the jury that the deceased was guilty of proximate contributory negligence, and they must find a verdict for the railroad company. (26) If the jury are reasonably satisfied from all the evidence that plaintiff's intestate negligently went to sleep on or in dangerous proximity to the track of defendant, and was thereby struck and killed, then you must find a verdict for defendant, even though you should also be reasonably satisfied that defendant's engineer, B. J. Murphy, was guilty of negligence. (27) The court charges the jury that if they believe from all the evidence in this case that deceased was lying against the fence at the cattle guard on or in dangerous proximity to the track, and was hurt in consequence thereof, then the jury must find a verdict for defendant." "(35) The court charges you that, if you are reasonably satisfied from all the evidence that plaintiff's intestate abandoned his flag, and sat down on or in dangerous proximity to the railroad track, and was killed while so away from his flag, you must find a verdict for defendant." "(37) The court charges you that if you should find from all the evidence that plaintiff's intestate put out his flag, and then left it and went to sleep, and was killed while so away from his flag, then he was not engaged at the time of his said death in and about the duties of his employment, and your verdict must be for defendant."

A. G. & E. D. Smith, for appellant. There was a material variance between the allegation in the 4th count of the complaint and the proof.—*Smith v. Causey*, 28 Ala. 655; *Hood v. Pioneer M. & M. Co.*, 95 Ala. 461; *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 618; *Stewart v. Tucker*, 106 Ala. 319; *M. & E. R. R. Co. v. Culver*, 75 Ala. 587; *Warner-Smiley Co. v. Cooper*, 31 South. 28. Therefore, the defendant was entitled to the affirmative charge.—*Smith v. Causey*, 28 Ala. 655. *Hood v. Pioneer M. and M. Co.*, 95 Ala., 461. *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 618; *Stewart v. Tucker*, 106 Ala., 319. *M. & E. Ry. Co., v. Culver*, 75 Ala., 587. *Warner-Smiley Co. v. Cooper*, 31 So. Rep., 28. *Worden's Case*, 94 Ala., 285. *Mothershed's Case*, 110 Ala., 159. *Roach's Case*, 110 Ala. 272; *Helton's Case*, 97 Ala. 275; *Orr's Case*, 91 Ala., 548; *Walton's Case*, 91 Ala., 435; *Holborn's Case*, 84 Ala., 133; *Graham's Case*, 94 Ala., 545; *George's Case*, 94 Ala., 199; *Bear Creek Co., Case*, 134 Ala., 293; *Nave's Case*, 96 Ala., 264; *Andrews Case*, 99 Ala. 440; *Markee's Case*, 103 Ala. 160; *Nuttress v. P. & R. R. R.*, 2nd Atl. Rep., 753; *E. T. V. & G. v. Rush*, 15 Lea, 145; *Price v. Hannibal & St. J. R. Co.*, 77 Mo., 508; *Sims v. M. & W. R. Co.*, 28 Ga., 93; *Crawford's Case*, 89 Ala., 240; *Forshee's Case*, 125, Ala., 199; *Johnson's Case*, 43 So. Rep. 33; *Daniels v. Carney*, 42 So. Rep., 452; *Burgess' Case*, 116 Ala., 509; *Brown's Case*, 121 Ala., 221; Code of 1896, Sec., 3285; *Frazer's Case*, 81 Ala., 185; *Tanner's Case*, 60 Ala., 621; *Calderwood's Case*, 89 Ala. 254; *Black's Case*, 89 Ala. 313; *Bush's Case*, 122 Ala., 470; *Vaughan's Case*, 93 Ala., 209; *Brinkerhoff's Case*, 119 Ala., 606; *Choate's Case*, 119 Ala., 611; *Hembree's Case*, 85 Ala., 481; *Davis' Case* 103 Ala., 661; *Shelton's Case*, 136 Ala., 191; *Partridge's Case*, 136 Ala., 587. The deceased was guilty of negligence which proximately contributed to his own acci-

dent and death.—*L. & N. v. Smith,* 30 South. 571; *L. & N. v. Woods,* 105 Ala. 571; *Knave v. A. G. S.,* 96 Ala. 264; *Orr's Case,* 91 Ala. 548; *Walter's Case,* 91 Ala. 435; *Holburn's Case,* 84 Ala., 133; *Graham's Case,* 94 Ala., 545; *George's Case,* 94 Ala., 199; *Bear Creek Co. v. Parker,* 134 Ala., 293; *Worden's Case,* 94 Ala., 285; *Mothershed's Case,* 110 Ala., 159; *Roach's Case,* 110 Ala., 272.

The evidence fails to show negligence after the discovery of peril.—*S. L. & S. F. Ry. Co. v. Shumaker,* 38 L. E., 361 (U. S.) ; *B. & O. R. R. Co. v. Jones,* 95 U. S. 349. As peculiarly applicable to this case, we call the court's attention to the case of.—*Drowns v. N. O. T. Co.,* 10 L. R. A., (N. S.) 421.

FRANK S. WHITE & SONS, for appellee. No brief came to the Reporter.

ANDERSON, J.—That the plaintiff's intestate was guilty of negligence in being at the place where he was killed, whether asleep or awake, there can be no doubt. Nor can he be relieved from such an imputation upon the theory that he had the right to anticipate that the train would stop before reaching him, because of the placing by him of the flag and torpedoes between himself and the expected train, if such was the case, but as to which point there was a sharp conflict in the evidence. The killing was not at a point where the engineer was required to keep a lookout, and the intestate had no right to anticipate that the flag would be discovered in time to stop the train before it reached him. Indeed, he evidently realized that the engineer would not be on the lookout for the flag, as it was shown by some of the evidence that he placed one of the torpedoes beyond the flag, with the evident idea that the explosion of same would attract notice and cause a discovery of said flag. Certainly he could not expect the explosion

of the torpedoes to stop the train before it reached him; for, conceding that they were placed between himself and the train, the undisputed evidence shows that the train could not have been stopped within the space between the torpedoes and where the intestate placed himself on the track. Therefore the plaintiff could not recover because of any initial negligence; for, if there was any, the intestate's contributory negligence was a complete defense to same, and she had to recover upon subsequent negligence, or what is termed the "last clear chance doctrine."

The rule, as laid down by this court, as well as in other jurisdictions, including England, is that, while the plaintiff's intestate's negligence in being on the track would defeat a recovery for antecedent negligence, yet she could recover if defendant's servants, in charge of the train, became aware of the intestate's peril in time to avoid running over him by the proper use of preventative means at their command, and negligently failed to resort to such means to conserve his safety, provided the intestate himself was free from negligence after becoming conscious of his danger.—*Young v. L. & N. R. R. Co.,* 153 Ala., 532, 45 South. 238; *Central of Ga. R. R. v. Foshee,* 125 Ala., 199, 27 South. 1006; *L. & N. R. R. v. Brown,* 121 Ala. 227, 25 South. 609, and cases there cited. As was also. said, and properly so, in the recent case of *L. & N. R. R. v. Young, supra,* and in the case of *St. Louis R. R. v. Schumacher,* 152 U. S. 77, 14 Sup. Ct. 479, 38 L. Ed. 361: the plaintiff cannot recover if his negligence is not only subsequent to, but concurrent with, the subsequent negligence of the defendant. In order, however, for him to be guilty of subsequent or concurrent negligence, he must have been conscious of his peril at that particular time. The opinion in the case of *St. Louis R. R. supra,* and which

is stressed by appellant's counsel, expressly declares that, if the plaintiff selected a place where he remained and which he knew to be dangerous, he not only selected a dangerous place, but remained there, conscious of the danger, not only when he assumed the position, but at the time he was injured; and it would doubtless be true, in the case at bar, that if the intestate remained on the track after becoming conscious of the immediate approach of the train, and could have gotten out of the way, but failed to do so, he would have been guilty of negligence subsequent to or concurrent with the subsequent negligence of the defendant's servants' if they were guilty of any. But, if for any reason the intestate did not know of the immediate approach of the train, he was not therefore conscious of imminent peril, and would not be guilty of negligence subsequent to or concurrent with the negligence of the defendant's servants arising from a failure on their part to resort to all preventative means to conserve his safety after discovering his peril. It is true we have some cases, notably *Helton v. Ala., Mid. R. R.,* 97 Ala., 284 12 South. 284, wherein it was said that contributory negligence can only be overcome by "wantonness or recklessness." But in those cases the subsequent or "last clear chance" doctrine was not invoked or considered by the court.

There was evidence in the case at bar from which the jury could infer subsequent negligence on the part of the defendant's servants, and that the intestate was not conscious of his danger subsequent to or concurrent with the said negligence of said servants. There was proof that the intestate was sitting on the end of a crosstie near the rail; that he could be seen from the crossing some distance, from one-third to one-half mile; and that the engineer kept his eye on the track from the crossing until the intestate was struck. These facts, however,

might not require the engineer to stop the train, as he had the right to anticipate that the intestate would get off, until he discovered that he would or could not do so. But there was also evidence that the intestate was lying down, and therefore in a perilous position, and, while there was no proof as to how far a man could have been seen lying on the track, there was proof of conditions and surroundings, and it was for the jury to determine whether or not he was seen by the engineer in time to have stopped the train, even if the intestate was lying down, instead of sitting, as testified to by the fireman. Eliminating, however, the question of negligence growing out of a failure to stop the train, and conceding, without deciding, for the present, that the defendant's servants did not negligently fail to stop the train, there is another reason why the defendant was not entitled to the general charge upon the theory that there was no subsequent negligence shown. There was evidence from which the jury could infer that the intestate had fallen asleep, and was not, therefore, conscious of the impending danger, and that a loud blast or blasts of the whistle might have aroused him, and warned him of the approach of the train in time to escape, and which would have required but a slight degree of time and space. Indeed, the engineer admitted seeing him 50 yards off, and evidently concluded that he was in a perilous position, as he attempted to stop, notwithstanding he could not do so before reaching him. If, therefore, he could have resorted to other preventative means, rather than attempting the impossible, it was his duty to have done so. Did not prudence require a loud blast of the whistle, and could the jury not have inferred that it might have caused the intestate to clear the track? There was proof tending to show that the whistle was not blown, and the jury could have inferred that the fail-

ure to do so was the proximate cause of intestate's death. We cannot consent to the contention of counsel that blowing of the whistle would have been useless, because of the failure of the torpedoes to arouse the intestate, as this would be a question for the jury, in case the torpedoes were exploded before he was struck, but which fact cannot be assumed, as the engineer said they were placed beyond the intestate, and were not, therefore, exploded until they had passed over him.

The defendant was not entitled to the affirmative charge, upon the theory that the defendant was not, as matter of law, guilty of subsequent negligence, or, if it was, that the intestate was guilty of subsequent or concurrent negligence. Nor did the trial court err in refusing charges 7, 8, 9, 11, 17, and 18. The complaint (count 4) avers that the intestate *"was in the service of the defendant and in the discharge of his duty as a flagman, * * * and while plaintiff was in the discharge of his duty flagging one of defendant's trains* on the road so operated by it * * * (italics ours). The proof not only fails to establish this averment, but showed that he stuck his flag in the ground on the track and assumed a position on the track a considerable distance from the flag. It may be that the averment quoted was needless, under the facts in the case, and that the plaintiff could recover, upon her theory of the facts, whether the intestate was or was not engaged in the discharge of his duty at the time he was killed; but this fact could not cure the variance. The complaint, whether necessary or not, put the defendant on notice that it was being sued for killing the intestate while discharging his duty as a flagman and while flagging the train, and it was not called upon to defend for killing him when not so engaged. *Helton v. A. M. R. R.* 97 Ala. 284, 12 South. 276; *Smith v. Causby,* 28 Ala. 655, 65 Am.

Dec. 372; *Southern Railway v. Hundley,* 151 Ala. 378, 44 South. 195; *Hood v. Pioneer Company,* 95 Ala. 461, 11 South. 10; *Highland R. R. v. Maddox,* 100 Ala. 618, 13 South. 615.

The trial court erred in refusing the general charge, because of this variance, as well as charges 35 and 37, requested by the defendant. Under our system of pleading, the complaint was sufficient to authorize proof of and recover for subsequent negligence. If the servants of the defendant permitted the train to run over or against the intestate, because of primary or secondary negligence, it was nevertheless negligently done, and as averred.—*Foshee's Case,* 125 Ala. 199, 27 South. 1006. In the cases cited by counsel for appellant the complaint set up subsequent negligence; but the court in none of them held that it was necessary.

The trial court did not err in refusing charges 7, 20, and 27, requested by the defendant. The intestate may have been killed in "consequence" of his position on the track, yet it was for the jury to determine whether or not defendant's subsequent negligence was the proximate cause.

The trial court did not err in refusing charge 10, requested by the defendant. It pretermits any subsequent negligence on the part of the defendat's servants, notwithstanding there was proof tending to show same, and, while it hypothesizes the intestate's subsequent or concurrent negligence, it fails to postulate a consciousness on his part of the approaching train.

The trial court did not err in refusing charges 25 and 26, which are fully discussed in the first part of the opinion.

Charge 19, requested by the defendant, was too broad as to contributory negligence. It is only contributory negligence that is pleaded that can defeat a recovery

when proven.—*Southern Ry. v. Shelton,* 136 Ala. 191, 34 South. 194. The charge in question is predicated on any contributory negligence, whether pleaded or not.

Charges 12, 21, and 22, requested by the defendant, are in the abstract correct. The law contemplates a unanimous verdict, and the charge does not ask a finding for the defendant if any juror is not satisfied, but instructs that there should not be a verdict for the plaintiff.—*Grimes v. State,* 105 Ala. 86, 17 South. 184; *Nevill v. State,* 133 Ala. 99, 32 South. 596. It is a fixed rule of law that when issue is taken upon a plea, and there is no special replication thereto, and the plea is proven, the defendant is entitled to a verdict. While these charges assert correct abstract propositions, and the trial court would not be reversed for giving them, we decline to say whether or not the trial court committed reversible error in refusing them, as this case must be reversed upon other points. We are aware that the refusal of similar charges has been held to be reversible error and that charges are properly referable to the issue presented by the pleading. But we think that charges of this character should contain the substance of the defensive matter pleaded, and not require the jury to carefully scrutinize the pleading, and compare the pleas with the evidence as heard by them, and then determine which pleas have or have not been proven. In the case at bar there are 12 special pleas, and the result, under these charges, would be to require the jury to examine and consider each of them separately in order to ascertain if any of them had been proven. Charges should be so framed as to enable the jury to pass upon the issues, by examining the charge and applying the evidence to same, and not so as to require them to resort to an examination of the pleading.—*Birmingham R. R. Co., v. Hayes,* 153 Ala. 178, 44 South. 1032.

[Alabama Great Southern Railroad Co. v. McWhorter.]

Under the view, taken by us, that the plaintiff could not recover for primary negligence, if any there was, and that the intestate was guilty of negligence per se in being on the track, it is useless to discuss the exception to rulings on the examination of the witness Hopwood.

The plaintiff was not confined to proof of what the intestate was actually earning at the time of his death, and there was no error in permitting proof of what he earned as a baggage master, just prior to his death, as there was no proof that he had permanently abandoned such calling or had become incapacitated from following same.—*Ala. Steel & Wire Co. v. Griffin*, 149 Ala. 423, 42 South. 1034, and cases there cited. For the same reason, there was no error in refusing charge 16, requested by the defendant.

The court erred in permitting the plaintiff to ask the witness Murphy, "In what distance could you stop your train at 15 miles, with such a track and such appliances as you had that day?" It hypothesized no facts in the case, as the evidence shows that the train was going 18 or 20 miles per hour. Nor was it asked to test the skill or knowledge of the witness as an expert.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.