[Louisville & Nashville R. R. Co. v. Holland.]

# Louisville & Nashville R. R. Co. v. Holland.

*Action for Death of Employe.*

(Decided Dec. 16, 1909. 51 South. 365.)

1. *Pleading; Allegation of Negligence.*—Where the action is for injury it is not necessary that the specific acts constituting the negligence be set out in the complaint in detail.

2. *Master and Servant; Injury to Servant; Negligence.*—The city ordinances regulating the operation of trains within the city limits are for the protection of the public, and an employe injured as a result of running a train in violation of a city ordinance cannot make that fact the basis of an action for his injuries.

3. *Same; Servant on Track; Contributory Negligence.*—As the duty of a flagman is to look out for trains himself and to flag them, the failure of the engineer to keep a lookout for him cannot render the railroad company liable for his death resulting therefrom.

4. *Same.*—A railroad flagman asleep on the track is guilty of contributory negligence.

5. *Same.*—A railroad flagman who goes to sleep on the track is not in the discharge of his duty and is in effect a trespasser, and the company owes him no duty other than not to injure him after discovering his peril.

6. *Railroads; Persons On Track; Negligence; Pleading.*—While the rule is that the complaint need not specify the particular acts constituting the causes of action when simple negligence is relied on for recovery, yet, the complaint must allege such facts as show that decedent was entitled to redress for simple negligence.

7. *Same.*—Where the complaint showed that the accident occurred at a place where signals were required to be given (sec. 5473, Code 1907) and does not show whether decedent was a trespasser or not, it is insufficient, although section 5476, Code 1907, places the burden on the defendant of showing compliance with such requirement.

8. *Same; Damages.*—Where the complaint shows that decedent was guilty of contributory negligence or was a trespasser, it is defective unless it showed negligence subsequent to the discovery of his peril.

9. *Same; Jury Question.*—The evidence in this case held to raise for the jury the question whether defendant's engineer was negligent in failing to stop the train after discovering peril of decedent.

10. *Pleading; Demurrer.*—A demurrer confesses only the allegations contained in the pleadings.

[Louisville & Nashville R. R. Co. v. Holland.]

11. *Same; Construction.*—Although a demurrer confesses the allegation of a pleading, yet, when attacked by demurrer a pleading is construed most strongly against the pleader.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. T. Holland, as administrator, against the Louisville & Nashville Railroad Company. Plaintiff had judgment, and defendant appeals. Reversed.

The complaint was as follows:

(1) "The plaintiff, W. T. Holland, as administrator of the estate of Ramsey L. Holland, deceased, claims of the defendant, the Louisville & Nashville Railroad Company, a corporation, the sum of $25,000 as dameges, for that, whereas, the said defendant was engaged in the business of operating a railroad between the city of Nashville, Tenn., and the town of Decatur, Ala., and which railroad passed through the town of Athens, Limestone county, Ala.; that plaintiff's intestate was, at the time of the injuries resulting in his death, hereinafter complained of, an employe of defendant, engaged in the discharge of his duties as such employe, and whilst plaintiff's intestate was in the employ of said defendant, on, to wit, the 6th day of March, 1908, in the corporate limits of the town of Athens, county of Limestone, plaintiff's intestate was injured, and from such injuries he died; and plaintiff avers that the injuries of his said intestate were caused by the negligence of one T. J. Douglass, an engineer of defendant, who then and there had charge or control of the engine of defendant, and which said engineer was then and there acting in the scope of his employment, and which said engine was then and there upon the railway of said defendant."

(2) Same as count 1, except the negligence is alleged in the running of the engine by Douglass at a greater rate of speed than permitted by the town ordinances of the town of Athens.

6 "Plaintiff claims of the defendant the sum of $25,-000 as damages, for that heretofore, to wit, on the 6th day of March, 1908, defendant's agents or servants were operating an engine or locomotive on the Louisville & Nashville Railroad in the town of Athens, Limestone county, Ala., to which engine or locomotive cars were attached, and which were being operated by defendant, through its servants or agents, wrongfully or negligently ran said engine, or cars attached to said engine, against or upon plaintiff's intestate, the said Ramsey L. Holland, whereby the death of said intestate was caused, and from which wrongful or negligent act or acts, and, as a proximate consequences thereof, said intestate died."

(7) Omitting formal charging part: "On the 6th day of March, 1908, plaintiff's intestate, Ramsey L. Holland, was in the service or employment of defendant, and in discharge of his duties as flagman or brakeman, to flag trains on defendant's railway, and while flagging in the town of Athens, as his duties required him to do, one of defendant's engineers, T. J. Douglass, who had charge or control of a locomotive or engine, operated on defendant's road or railway, negligently failed to keep a lookout, and negligently ran the locomotive or engine, or cars attached thereto, upon or against the decedent, and as the proximate cause or result thereof killed him."

(11) Omitting formal charging part: "On, to wit, the 6th day of March, 1908, plaintiff's intestate was in the employ of said defendant as a brakeman; that a part of said decedent's duties was to flag trains, and in the discharge of his duty said decedent went about 700 feet south of the depot in the town of Athens to flag a train; that while waiting for said train plaintiff's intestate fell asleep on or close to the railroad track of

defendant in said town of Athens; that one of defendant's engineers, T. J. Douglass, who had charge or control of the locomotive or engine operated then and there on the said railway of said defendant, and to which engine or locomotive cars were attached, wrongfully or negligently ran such engine or locomotive, or cars attached to said locomotive, against or upon plaintiff's intestate, and from said wrongful or negligent act or acts, and as a proximate consequence thereof, the said Ramsey L. Holland, died."

The demurrers sufficiently appear from the opinion, except as to count 1, and they are as follows: "It fails to aver the name of the engineer, or that his name was unknown; it fails to aver how or in what manner the injuries complained of were received; fails to aver how or in what manner said engineer was negligent; fails to set forth the facts constituting the negligence of the engineer; it does not aver that said engineer was acting within the line and scope of his authority."

SANDERS & THATCH, for appellant.—The demurrers to count 1 should have 'been sustained.—*Railway Co. v. Chewning*, 93 Ala. 26; *Clark v. Railroad Co.*, 20 S. E. 696. Demurrers to count 2 should have been sustained. —*L. & N. v. Markee*, 103 Ala. 160; *Ry. Co. v. Hall*, 87 Ala. 718; *Ry. Co. v. Hawk*, 72 Ala. 112. The violation of a municipal ordinance 'regulating the running of trains cannot be made the basis of an action by an employe.—*C. of Ga. v. Martin*, 138 Ala. 351. Demurrer to count 7 should have been sustained.—*G. & A. U. Ry. Co. v. Julian*, 133 Ala. 371. The demurrers to count 7 should have been sustained, as plaintiff's intestate under this count was not engaged in the performance of his duties.—*T. C. & I. R. R. Co. v. Bridges*, 39 South. 903. The court erred in not excluding the expression

in the answer of the witness Hurd, that "kill-all train."
—*Alley v. Daniels*, 15 Ala. 403. Counsel discuss exceptions to the court's oral charge, but without citation
of authority. Counsel insist that charge 1 should have
been given.—*Hood v. Pioneer M. & M. Co.*, 95 Ala. 461;
*Stewart v. Tucker*, 106 Ala. 319; *Warner, et al. v.
Cooper*, 31 South. 28. Counsel insist on these authorities that the court should have given the general
charge as to the other counts in the complaint. The
court should have given charge 13, as well as 15 and
16.—*A. G. S. v. McWhorter*, 47 South. 84; *Southern
Ry. v. Shelton*, 136 Ala. 191. Counsel discuss other
refused charges, but without citation of authority.

W. R. WALKER, for appellee.—The duty of a lookout
upon the part of engineers of locomotives on railroad
tracks arises at public crossings, and in streets of
towns, cities, and villages.—*Frazier as administrator
v. S. & N. Ala. R. Co.*, 81 Ala. 185, 195; *S. & N. Ala. R.
Co. v. Donovan*, 84 Ala 141, 146; *M. & C. R. Co. v.
Womack, as administratrix*, 84 Ala. 149; *Ga. Pac. R.
Co. v. Blanton*, 84 Ala. 154; *S. & N. R. Co. v. Sheerer*,
58 Ala. 672; *S. & W. R. Co. v. Sullivan*, 79 Ala. 272;
*Bir. Ry., Light & Power Co. v. Brantley*, 141 Ala. 614;
*S. & W. R. Co. v. Meadors*, 95 Ala. 137; *C. & W. Ry. Co.
v. Wood*, 86 Ala. 164; *Bentley v. Ga. Pac. Ry. Co.*, 86
Ala. 484; *Haley v. K. C. M & B. R. Co.*, 113 Ala. 640.

Under the doctrine of negligence, after the discovery
of peril, plaintiff may recover, if the evidence justifies,
upon a count charging simple negligence.—*Duncan v.
St. L. & San Francisco Ry. Co.*, 152 Ala. 118, 130. If
the negligence of the defendant which caused the injury, being the proximate cause thereof, was after the
discovery of plaintiff's peril, the plaintiff may still recover, although he may have been previously negligent

[Louisville & Nashville R. R. Co. v. Holland.]

in placing himself in the position he occupied at the time of the injury, provided plaintiff was not at the time the injury was inflicted then guilty of negligence. —*Helton v. Ala. Midland Railroad Co.*, 97 Ala. 275; *Bir. Ry., Lt. & Power Co. v. Brantley*, 141 Ala. 614; *Frazier, as Adm'r, v. S. & N. R. Co.*, 81 Ala. 185; *M. & C. R. Co. v. Womack, as administratrix*, 84 Ala. 149; *Duncan v. St. L. & San Francisco Ry. Co.*, 152 Ala. 118; *C. G. Co. v. Lamb*, 124 Ala. 172; *C. G. Co. v. Partridge*, 136 Ala. 587. Where a person becomes unconscious on a railroad track and remains in that condition whether from sleep, or other cause, until after the injury is inflicted upon him, he is not guilty of negligence at the time thus injured.—*Helton v. Ala. Midland R. R. Co.*, 97 Ala. 275; *L. & N. R. R. Co. v. Thornton*, 117 Ala. 274; *A. G. S. R. Co. v. McWhorter*, 47 South. 84; *Sou. Ry. Co. v. Gullett*, 48 South. 72; *Sou. Ry. Co. v. Stewart*, 153 Ala. 133. The plea of contributory negligence to a complaint of negligence after the discovery of peril, must show that the negligent act of the person injured was committed with knowledge of the peril.— *Johnson v. Bir. Ry. Co.*, 149 Ala. 529; *A. G. S. v. McWhorter*, 47 South. 84. Protection intended by speed and signal ordinances extends to railroad employes.— *East St. Louis Connecting R. Co. v. Eggman*, 62 Am. St. Rep. 400; *I. C. R. R. Co. v. Gilbert*, 41 N. E. 724; *E. St. L. & C R. R. Co. v. Eggman*, 43 N. E. 620; *Crowley v. Burlington & C. Ry. Co.*, 65 Ia. 658. "It is a settled principle of law that although a plaintiff, who sues for an injury inflicted by the defendant, might by observance of proper care have avoided exposing himself to an injury, yet this will not prevent him recovering damages from the defendant if the latter discovered, or by the observance of ordinary care might have discovered, the exposed situation of the plaintiff in time, by

the exercise of ordinary care and diligence, to have averted the effect of the plaintiff's negligence and avoided the injury which happened." All this is what is known as the "last clear chance" doctrine.—*Klutt v. Phila. & Reading Ry. Co.,* 73 C. C. A. 494; *Smith v. N. & S. R. Co.,* 25 L. R. A. 287, 296; *Davis v. Mann,* 10 M. & W. 546; *Tanner's Executors v. L. & N. R. R. Co.,* 60 Ala. 621; *Gothard v. A. G. S. R. Co.* 67 Ala. 114; *Steamboat Farmer v. McCraw,* 26 Ala. 189; *Nave v. A. G. S. R. Co.,* 96 Ala. 264

ANDERSON, J.—As was held in the case of *L. & N. Co. v. Marbury,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620, and repeatedly approved by this court, the complaint need not set out in detail the specific acts constituting negligence. Count 1 was not therefore subject to defendant's demurrer which was properly overruled by the trial court.

The running of the train in violation of a municipal ordinance cannot be made the basis of an action by an employe for injuries resulting therefrom. A compliance with the statute and municipal ordinances in this respect is intended for the protection of the public and not the employes of the railroad company.—*Cen. of Ga. v. Martin,* 138 Ala. 531, 36 South. 426; *Lewis v. So. R. R.,* 143 Ala. 133, 38 South. 1023; *L. & N. R. R. Co. v. Markee,* 103 Ala. 173, 15 South. 511, 49 Am. St. Rep. 21. Count 2 showed that the intestate was an employe, and the running of the train in violation of the town ordinance was not the breach of a duty owing him, and the demurrer to this count should have been sustained.

While a complaint need not define the quo modo, or specify the particular acts of diligence omitted, yet, when simple negligence constitutes the cause of action,

it is incumbent upon the plaintiff to bring himself within the protection of the negligence averred by alleging such a relationship as would enable him to recover for simple negligence.—*Gadsden R. R. Co. v. Julian,* 133 Ala. 373, 32 South. 135; *Ensley v. Chewning,* 93 Ala. 25, 9 South. 458. Count 6 was bad, in that it did not show that the intestate was entitled to redress for simple negligence. Counsel for the appellee concedes that this defect in the count would be fatal, under the previous decisions of this court, but contends that, inasmuch as section 5476 (Code 1907) changes the burden of proof, the complaint was sufficient in averring that the intestate was killed in the town of Athens, a place covered by section 5473 of the Code of 1907. This statute (section 5476) was construed in the case of *So. R. R. v. Smith,* 163 Ala. 174, 50 South. 390, and it was there held that, as to persons, the burden of proof was not upon the railroad unless the accident or killing was at a place covered by the three preceding sections. Whether this section applies to this intestate or not, as to the burden of proof, it was not intended to change the degree of negligence or the obligation that a railroad owed to a trespasser. In other words, whether the place of the killing cast the burden on the railroad or not of showing no negligence, it did not mean to render the obligations to trespassers any greater or to permit them to recover for any lesser degree of negligence than they could have done previous to the adoption of the statute.

While it may have been the duty of the engineer to keep a lookout at the point named, it cannot be said that the defendant was liable to the intestate for his failure to keep a lookout for trains himself and flag them. The demurrer should have been sustained to count 7.

Count 11 charges simple negligence, and also avers that the intestate went to sleep on the track. If he was not in the discharge of his duty but went to sleep on the track, as charged in the complaint, he was guilty of contributory negligence, and was, in effect, a trespasser, and the defendant owed him no duty other than not to run over him after discovering his peril. The count was subject to the demurrer interposed thereto.—*Savannah & Western R. R. v. Meadors,* 95 Ala. 144; 10 South. 141; *Julian's Case, supra.* We are not unmindful of the rule that subsequent negligence can be shown, under a count which avers negligence generally, and after the defendant has shown contributory negligence; but the counts in those cases did not aver that the plaintiff was guilty of contributory negligence, and the question was raised on the evidence or by charge. The demurrer confesses only the averments of the complaint, and which must be construed most strongly against the pleader, and when a complaint shows on its face that the plaintiff was guilty of contributory negligence or was a trespasser, then it is defective, unless it goes further and avers negligence subsequent to a discovery of his peril.

As this case must be reversed upon the pleading, and as many of the charges, made a basis of assignments of error, relate to counts held defective, we will content ourselves with only such a discussion of the remaining questions as may afford a guide upon the next trial, in disposing of what we consider the chief issue in the case.

Under the undisputed evidence, the intestate was guilty of contributory negligence such as to preclude a recovery for any anterior or initiative negligence of the defendant's servants. The undisputed evidence shows that the intestate went to sleep on the track, and there

was no evidence, or reasonable inference deducible therefrom, that he was sick or became suddenly stricken, so as to bring him within the influence of the case of *Helton v. Ala. Mid. R. R.,* 97 Ala. 280, 12 South. 276. All of the witnesses who saw intestate just before he was killed testify that he was asleep. One witness left him a few minutes before and saw nothing the matter with him. It was admitted that he was in good health, and, indeed, counts 11 and 13 aver that he fell asleep. Therefore, the only theory upon which the plaintiff would be entitled to recover is that negligence, subsequent to a discovery of the intestate's peril, was the proximate cause of his death; that is, that the engineer not only discovered him, but discovered him in a perilous position, and negligently omitted to discharge some duty, which, if discharged, would have saved the intestate. The proof showed that Holland was so situated on the track as to impress the observer that he was in a perilous position. Douglass, the engineer, testifies that he was within less than 200 feet (about 125 or 150 feet) when he discovered him, and that he did all things to arouse him and to stop the train. The undisputed evidence also shows that this particular train at the rate of speed it was going could not have been stopped within the distance as given by the engineer, between him and the intestate when he first saw him, and if it was true that the engineer was not further from the intestate when he first saw him than he said he was, he was not guilty of proximate, subsequent negligence, as the evidence acquits him of any negligence for failing to blow whistle. On the other hand, the plaintiff offered evidence tending to show that the engineer discovered the intestate in time to have stopped the train before it struck him. Miss "Bettie Sue Griffin" testified that the train first blew for the station at the cattle gap; that

later it blew sharp louder blasts; "that right at Hatchett's barn, which is on the east side of the track, * * * the train commenced to give sharp loud blasts of the whistle, blowing for Mr. Holland; it started blowing at Hatchett's barn and blew until it got to him." There was evidence that the distance from Hatchett's barn to where Holland was struck was 435 1-2 feet, and there was also evidence that this train could have been stopped within that distance. It was therefore for the jury to determine whether or not the engineer discovered Holland in a perilous position; that is, a position that would impress the reasonable mind with the idea that he would not or could not get off the track in time to have stopped the train before striking him, and negligently failed to do so.

It is also insisted by appellant's counsel that the defendant was entitled to the general charge as to count 1 on account of a variance; that the count avers that the intestate was killed while in the discharge of his duty, and the proof does not establish this averment. This count does not aver that the intestate was actually engaged in the discharge of his duty at the time he was struck, and the averment is unlike the one considered in the case of *So. R. R. v. McWhorter,* 156 Ala. 269, 47 South. 84. The complaint in said case averred that the intestate was engaged in the discharge of his duty, flagging one of the defendant's trains, when he was struck, and the proof showed that he was not flagging a train when he was struck, but had stuck his flag in the ground and had gone down the track.

For the errors designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.