# Maxie *v.* Sloss-S. S. & I. Co.

## *Injury to Servant.*

(Decided February 4, 1913.   61 South. 269.)

*Master and Servant; Injury to Servant; Proof; Variance.*— Where the complaint alleged that plaintiff was engaged in and about the discharge of his said duties in said mine, as mule driver, when injured by the cars running down the incline, and the proof showed that plaintiff was standing by the side of a slope, when five loaded cars passed by the slope, leaving an entry switch latch open, and that one of the men on the cars called out to plaintiff to shut the latch for him, which plaintiff was stooping down to do, when the cars broke loose and came down the incline striking him, there was a fatal variance, as the evidence showed that plaintiff was not acting within the line and scope of his duty as mule boy or driver when injured.

(Dowdell, C. J., dissents.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Joe Maxie by next friend, against the Sloss-Sheffield Steel & Iron Company, for damages for injuries as a servant or employee.   Judgment for defendant and plaintiff appeals.   Affirmed.

VASSAR L. ALLEN, for appellant.   Counsel insists that the court was in error in sustaining demurrers to count 4.—Sec. 1035, Code 1907.   The court was also in error in directing a verdict for defendant on the theory of a variance.—161 Pa. 386; 1 Leb. M. & S. sec. 291; 32 Am. Rep. 413; 57 Am. Rep. 169; 4 Thomp. on Neg. parags. 3826, 3830; 76 Tex. 350; 53 Am. Rep. 806; 7 Am. St. Rep. 542; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 486; *Tutwiler C. & I. Co. v. Enslen,* 129 Ala. 336.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellee.   Count 4 was withdrawn by plaintiff, and

hence, if any error had intervened relative thereto, it was cured and taken out of the case by the voluntary withdrawal of the said count. Counsel practically admits that appellee was entitled to have the verdict directed as to all the counts except the 5th, but insists that the evidence raised a jury issue as to that count. It is only necessary to say that the proof showed conclusively that the injury occurred at a time when plaintiff was not engaged in his duties as muleboy, and therefore, there was a variance.—6 Mayf. 104.

SOMERVILLE, J.—The fifth count of the complaint shows that plaintiff, an inexperienced boy 13 years of age, was employed by defendant in its ore mine as mule driver or mule boy; that while plaintiff "was engaged in and about the discharge of his said duties in said mine" one or more of defendant's cars were caused or allowed to run down a rail track in the mine against plaintiff, and severely injure him. This injury is attributed to the negligence of defendant's bank boss, one Roberts, who was authorized to employ and instruct defendant's servants, in that he negligently failed to instruct and properly caution plaintiff as to the dangers of the place and his occupation; the allegation being that plaintiff was a child of immature mind and body, and unacquainted with the dangers attendant upon the duties assigned to him, which were of a dangerous character and in a dangerous place. On the evidence offered by plaintiff the trial court gave the general affirmative charge for defendant, as requested by it in writing.

Without undertaking to discuss or decide the question, the writer would be inclined to the view that the evidence before the trial court made out a case for plaintiff to the extent that it should have been submitted to

the jury to determine whether defendant had properly warned plaintiff of the dangers of his employment and of his surroundings, whether this failure proximately produced his injury, and whether plaintiff was guilty of contributory negligence, and whether on the whole case plaintiff was entitled to recover. But the difficulty is that the case made by the evidence is not the case made by the complaint.

The evidence shows without dispute that plaintiff was employed as mule boy, that his duty was to pull empty cars from the mouth of an entry to the head of it to be loaded by the men, and that he had nothing to do with throwing latches or switches leading from the main slope to the entries, a duty that was imposed only on the chainers or the muckers.

The evidence also shows without dispute that on the occasion of this accident plaintiff was standing by the side of the slope at one of the entries, when five loaded cars in charge of the chainers passed out from an entry and up the slope. In doing so the entry latch was left open, and one of the chainers called out to plaintiff to shut the latch for him. As plaintiff was stooping down in the performance of this service, two cars that had broken loose from the train, and were dashing down the main slope, struck and injured him. It is thus apparent that he was injured while doing something not within the line of his duty as mule boy, and this variance from the allegations of the complaint must, under our decisions, be regarded as substantial and material, and as justifying the general affirmative charge for defendant as given by the court.—*A. G. S. R. R. Co. v. McWhorter,* 156 Ala.269, 280, 47 South. 84. It is true that plaintiff testified that, when he was employed by the bank boss, he was told by him to go down in the mine on the second day, and "do what the men

[Maxie v. Sloss-S. S. & I. Co.]

told me to do." If we could hold, as urged by appellant's counsel, that this general instruction might be construed as subjecting plaintiff to the direction of any and all of the men in the mine, and thereby extending the field of his service beyond that of his particular employment as mule boy, still the variance would not be relieved, for the complaint specifically informs the defendant that plaintiff's mishap was suffered while in the discharge of his duties as mule boy, and not while otherwise serving by doing another servant's work at another's request.

Counsel discusses the action of the court in sustaining defendant's demurrer to count 4 of the complaint, as specified in the first assignment of error. The judgment entry shows that the fourth count was withdrawn by plaintiff, and that there was no ruling on the demurrer.

The judgment will be affirmed.

**Affirmed.**

ANDERSON, MCCLELLAN, MAYFIELD, and DE GRAFFENRIED, JJ., concur. SAYRE, J., concurs in the affirmance, but only on the ground that plaintiff's injury bore no proximate relation to defendant's failure to instruct him as alleged, in which view MAYFIELD and DE GRAFFENRIED, JJ., concur also. DOWDELL, C. J., dissents, and holds that plaintiff's case should have been submitted to the jury.