# Empire Coal Co. *v.* Martin.

### *Death Action.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 435.)

1. *Railroads; Wanton Negligence; Contributory Negligence.*—Special pleas of contributory negligence are not available as answers to a good count in wanton negligence for killing a licensee on defendant's track.

2. *Railroads; Death Action; Jury Question.*—On the evidence in this case it was for the jury to determine whether intestate was on the track when run over, or did not fall off the train, and as to whether defendant's servants were guilty of wanton negligence proximately resulting in intestate's death.

3. *Same.*—Where a count of the complaint alleged that decedent was killed while crossing defendant's track, plaintiff had the burden

to prove the averment as laid, although it was not a necessary aver-ment; but as the complaint put the defendant upon notice that it killed the intestate while he was crossing the track, and not as a trespasser, it became necessary to establish the same by evidence.

4. *Same.*—The evidence examined and held not to show that deced-ent was crossing the track, or was not a trespasser when killed.

5. *Same; Injury to Persons on Track; Pleading.*—Where the ac-tion was based upon simple negligence, and sought damages for in-jury while on the track, plaintiff must aver and prove a relation-ship that would render defendant liable to him for simple negli-gence, that is to say, he was not a trespasser.

6. *Same.*—Section 5476, Code 1907, does not require that a rail-road should acquit itself of negligence for injuring trespassers on the track, where the action against it is for injuries due to simple negligence; it need only acquit itself of negligence for which it would be answerable to the injured party.

7. *Same; Notice of Peril.*—The fact that one of defendant's train-men knew that decedent, with other boys, was in or upon one of its cars, was not notice that they, or either of them, would be in peril, or liable to be run over when the car was run on a siding.

8. *Charge of Court; Directing a Verdict.*—Where there is a con-flict in the evidence, or there is a reasonable inference of a fact which would make the question one for the jury, the affirmative charge cannot be given.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Nathaniel C. Martin, as administrator of the estate of Fred Martin, for damages for the death of his intestate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The action was for killing a licensee, and alleged that, at the place at which the accident occured, peo-ple were accustomed to cross the track of said rail-road at the point with such frequency and in such num-bers as it was likely that persons would be on the track in passing to and fro around the end of the train or car while it was standing at that point, and that the servants or agents of defendant knew of this fact, and that it was likely that some person would be on the track. Notwithstanding this knowledge, said servants or agents in charge of said train, in reckless disregard of the safety of such person, and without signal or

warning, suddenly and violently backed the car on said intestate and killed him. It is further alleged that the defendant was a corporation operating a railroad, and that plaintiff was on the track crossing the same as a licensee. Pleas 2, 3, and 4 set up contributory negligence on the part of plaintiff. First, in going upon the track without stopping, looking, and listening; second, loitering or being upon or immediately adjacent to the track at a point where he had no right to be; and, third, that he was a trespasser on the private property of defendant in the nighttime, and at a place where he had no right to be, and was there without the knowledge on the part of defendant's servants, and that he negligently failed to observe or look out for approaching trains.

BANKHEAD & BANKHEAD, for appellant.

JAMES J. RAY, and L. D. GRAY, for appellee.

ANDERSON, C. J.—(1) Count 9 is a wanton count and was not subject to the defendant's demurrer thereto, and, this being the case, the defendant's special pleas 2, 3, and 4, of contributory negligence, were no answer to same, and the trial court did not err in sustaining plaintiff's demurrer to said pleas. There was proof from which the jury could infer that the point at which the body of the intestate was found upon the defendant's track No. 1 was constantly and frequently used by the public at all times of the day, and especially late in the afternoon, about the time of the arrival of the train, and about the time of the accident in question, and that this user was of such frequency and duration that the servants of the defendant in charge and control of its train were conscious of such user and were conscious of the fact that to back, push,

or drive a car upon the side track or main line any-
where between the tipple and washer, without signal
or warning, would likely or probably result in injury
to persons who would probably be on the track or tracks
of the defendant. There was also proof that the coach
or caboose was driven further down said track No. 1
suddenly and without signal or warning. There was
also proof from which the jury could infer that the in-
testate was run over or against by the coach or caboose
in question when being driven down said track No. 1.
Of course, the intestate must have been upon the track
and killed while on same in order to fasten a liability
upon the defendant even under the wanton count, as
it would not be liable if the deceased came by his death
by falling or being thrown from the train or a car of
the defendant, as the only wanton negligence inferable
to the defendant's servants was in driving the coach
down the track without signal or warning with a con-
sciousness that some one would probably be injured,
as there is nothing to indicate that the action of said
servants could or would probably result in injury to
a person on one of defendant's cars at the time or who
was not upon the track. The evidence is by no means
clear or certain as to where the deceased was when killed,
whether he was on the track; yet there was an infer-
ence for the jury that he was on the track when struck
by the car, and, if such was the case, the jury could
also infer that said servants of the defendant were guil-
ty of wanton negligence. It may be true that the weight
of the evidence showing that the track or track were
frequently and constantly used by the public is con-
fined to a point at or near the tipple, and all along be-
tween the tipple and the washer, and that side track
No. 1, not extending to the washer, and the point on

same where intestate was killed, the user of the defend-
ant's track did not extend to and include that point
at side track No. 1 where the injury occurred; yet there
was some evidence that all of said tracks, including
side track No. 1, were constantly and frequently used.

(2 It was therefore for the jury to determine wheth-
er or not the intestate was on the track when run over,
or did not fall off of the train, and whether or not the
defendant's servants were guilty of wanton negligence
which proximately resulted in his death.

(3, 4) The general charge, however, should have been
given for the defendant as to count 9, for the reason
that the plaintiff did not prove the averment of his
complaint that the intestate was killed while crossing
the defendant's track. True, this was not a necessary
averment under the wanton count, as it made no dif-
ference whether he was or was not a trespasser as to
this count; but as the complaint put the defendant
upon notice that it killed the intestate while crossing
the track and not as a trespasser, it was necessary to
prove this averment.—*A. G. S. R. R. Co. v. McWhorter,*
156 Ala. 269, 47 South. 84.

(5, 6) We are, of course, aware of the rule that if
there is a conflict in the evidence, or if there is a reas-
onable inference of a fact which would make the ques-
tion one for the determination of the jury, the general
charge should not be given; but the evidence in this
case has received a most careful and thoughtful con-
sideration, and we fail to find any fact or facts which
would create a reasonable inference that the intestate
was crossing the track or was not a trespasser when
killed. The fact that he was crossing said track is the
merest conjecture or speculation which does not amount
to a reasonable inference. It may be true that Joe Ray-

ners said it was his understanding that Fred was following him, that he thought it was Fred or Trav, one but his testimony shows that he did not know whether he was following him or not and that he never saw him after he (witness) got off the coach. The evidence of Trav Hinson not only fails to afford an inference that the intestate was crossing the track when killed, but negatives all idea that the said intestate was following Joe Rayners when the latter said he thought Fred or Trav, one, was following him.

(7) It has long been settled by the decisions of this court that, when the plaintiff sues a railroad for injuries and relies upon simple negligence, it is incumbent upon him to aver and prove a relationship that would render the defendant liable for simple negligence; that is, that he was not a trespasser.—*L. & N. R. R. Co. v. Holland,* 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; *Gadsden R. R. Co. v. Julian,* 133 Ala. 373, 32 South. 135.

(8) Nor does section 5476 of the Code of 1907 change this rule or place the burden of proof upon the railroad of acquitting itself of negligence for injuring trespassers upon its track. It need acquit itself only of negligence for which it would be answerable to the injured party, but need not acquit itself of negligence of which the injured party cannot complain or for which he was not in a position to recover.—*L. & N. R. R. Co. v. Holland, supra; Ex parte Southern R. R.,* 181 Ala. 486, 61 South. 881; *L. & N. R. R. Co. v. Jones,* 68 South. 871. Nor does the case of *Ledbetter .v. St. Louis R. R. Co.,* 184 Ala. 457, 63 South. 987, conflict in the slightest with this rule, as that case holds that it was only the duty of the defendant to acquit itself of negligence for which it was answerable to the injured party, and it seems that

[Empire Coal Co. v. Martin.]

the intestate was killed at a crossing and not as a tres-passer. Indeed, counsel for the plaintiff seem to have recognized this rule in framing the simple negligence counts in the case at bar, by averring that the intestate was killed while crossing the track, and was not there-fore a trespasser, and this averment and proof of same was essential in the simple negligence counts, and, as the plaintiff utterly failed to prove said averment or to create a reasonble inference from which the jury could find that the intestate was killed while crossing the defendant's track, the trial court erred in refusing the general charge, requested by the defendant, as to the simple negligence counts.

(9) There were no facts which authorized the submis-sion of the case to the jury upon the theory that the defendant's servants, or any of them, were guilty of subsequent negligence. True, there is proof that one of the trainmen knew that the boys were in or upon one of the defendant's cars that night, but this was not notice to the trainmen that they or either of them would be in peril or liable to be run upon when they drove the car down siding No. 1. So far as they knew, the boys were in a position, when seen, where they would not be struck by the moving train.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, and GARDNER, JJ., concur.