196 So. 102

MEEKS v. SOUTHERN RY. CO. et al.

7 Div. 614.

Supreme Court of Alabama.

May 16, 1940.

Motley & Motley, of Gadsden, for appellant.

Goodhue & Lusk, of Gadsden, for appellees.

588

THOMAS, Justice.

■ The court submitted to the jury simple and subsequent negligence counts. The pleas were in short by consent. The charge of simple negligence embraced that of subsequent negligence. Alabama By-Products Corp. v. Rutherford, ante, p. 413, 195 So. 210.

The argument of appellant is directed to the giving of the affirmative instruction for the defendant. The rule is well understood. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Slaughter v. Murphy, Ala.Sup., 194 So. 649.[1] When the plaintiff's evidence as detailed by Monroe and W. A. Meeks is considered, it was sufficient to submit to the jury the simple and subsequent negligence counts. There was a jury and verdict for the defendant, the Alabama Great Southern Railroad Company, a corporation. The affirmative charge was properly given as to the Southern Railway Company, a corporation, one of the defendants.

We find no reversible error on the introduction of the evidence. Thus we are brought to a consideration of the declining of plaintiff's motion for a new trial. The preponderance of the evidence is against the fact that plaintiff's intestate was stricken on the crossing, but at the switch as a trespasser. It is unnecessary to discuss the evidence as to the above material question of fact.

The motion for a new trial and assignment of error insist that there was error to reverse in the giving at defendant's request charges one and two.

■ In the third count is the averment that said "intestate was lawfully crossing said railroad at a public street crossing when he received his fatal injuries." It was necessary that plaintiff adduce proof of such statement, having assumed that burden by the express terms of the pleading. It will not be presumed that plaintiff's intestate was "lawfully crossing the railroad" at that public street crossing. Elliott v. Northern Alabama R. Co., 222 Ala. 79, 130 So. 775. This case is on the authority of Empire Coal Co. v. Martin, 190 Ala. 169, 67 So. 435, by Chief Justice Anderson, following the authority of Alabama G. S. R. R. Co.. v. McWhorter, 156 Ala. 269, 47 So. 84.

■ In Elliott v. Northern Alabama R. Co., supra, Mr. Justice Sayre said for the court that the record being silent as to the circumstances immediately attendant upon the death of a decedent, the failure or refusal of defendant to put his trainman on the stand as a witness in its behalf could not be considered by the jury for the purpose of making out a case against the defendant. It is further stated that if it be assumed that deceased was alive upon the track, still there was no evidence going to show how or when he came upon the track or that he came upon it in circumstances which suffice to warn the engineer of a train of the danger in time to have avoided it. It is conclusive that the rule of self-preservation cannot be allowed to take the place of evidence that deceased was guilty of negligence. The burden rests upon the plaintiff to show that, at the time of intestate's death, deceased was so circumstanced, as to the knowledge of the defendant, that its agents, by the exercise of due diligence, could have prevented the injury.

As to the second charge, the observations made as to the giving of charge No. 1 apply with equal force, it being referrable only to the simple negligence counts, both of which specifically aver that the plaintiff's decedent was on a public street crossing when he was struck.

It results from the foregoing that we find no reversible error committed on the trial and the judgment of the circuit court should be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.

---

[1] Ante, p. 260.