158 So.2d 922

Charlie BROWN, Adm'r,

v.

WESTERN RAILWAY OF ALABAMA.

5 Div. 752.

Supreme Court of Alabama.

Dec. 20, 1963.

————◆————

Harry D. Raymon, Tuskegee, for appellant.

Walker & Hill, Opelika, for appellee.

GOODWYN, Justice.

Appellant, Charlie Brown, as administrator of the estate of Willie Junior Brown, deceased, brought suit in the circuit court of Lee County against appellee, Western Railway of Alabama, to recover damages for the alleged wrongful death of said decedent caused by defendant's train hitting him while he was "crossing" the railroad track. The complaint consisted of two counts, count 1 charging negligence and count 2 wantonness.

Defendant, for answer to the complaint as a whole and to each count, separately and severally, entered a plea in short by consent.

There was a jury trial. At the conclusion of the evidence, defendant's requested affirmative charges with hypothesis were given (1) as to the complaint as a whole and (2) as to count 1. Thereupon, the jury returned a verdict in favor of defendant and judgment was rendered accordingly.

Plaintiff's motion for a new trial being overruled, he brought this appeal from the judgment in favor of defendant.

The appeal may be determined by dealing only with appellant's insistence that it was error to give the affirmative charges requested by appellee. Our conclusion is that it was not error to give these charges, thereby making it unnecessary to discuss any of the other questions presented.

 Each count avers that decedent was run over by defendant's train while he was "lawfully crossing defendant's * * * railroad track * * * at a point where the public, including a large number of people, customarily and frequently walked across said tracks." But plaintiff did not prove this averment. As said in Empire Coal Co. v. Martin, 190 Ala. 169, 173, 67 So. 435:

"* * * [T]he plaintiff did not prove the averment of his complaint that the intestate was killed while crossing the defendant's track. True, this was not a necessary averment under the wanton count, as it made no difference whether he was or was not a trespasser as to this count; but, as the complaint put the defendant upon notice that it killed the intestate while crossing the track and not as a trespasser, it was necessary to prove this averment. A[labama]. G[reat]. S[outhern]. R. R. Co. v. McWhorter, 156 Ala. 269, 47 South. 84.

"We are, of course, aware of the rule that if there is a conflict in the evidence, or if there is a reasonable inference of a fact which would make the question one for the determination of the jury, the general charge should not be given; but the evidence in this case has received a most careful and

**68**

thoughtful consideration, and we fail to find any fact or facts which would create a reasonable inference that the intestate was crossing the track or was not a trespasser when killed. The fact that he was crossing said track is the merest conjecture or speculation which does not amount to a reasonable inference. * * *"

From Woodward Iron Co. v. Goolsby, 242 Ala. 329, 332, 6 So.2d 11, is the following statement of the principle, viz.:

"When the plaintiff averred that 'while his said intestate on said date was walking across the said defendant's railroad track along a road' in count one and averred that 'while his said intestate on said date was walking across the said defendant's said railroad track along a public road' in count two, he assumed the burden of proving that his intestate was actually crossing the track. This will not be presumed and until plaintiff has met this burden the duty of the defendant to acquit itself of negligence does not apply. Of this in Meeks v. Southern Ry. Co. et al., 239 Ala. 587, 196 So. 102, 103, it is declared:

" 'In the third count is the averment that said "intestate was lawfully crossing said railroad at a public street crossing when he received his fatal injuries." It was necessary that plaintiff adduce proof of such statement, having assumed that burden by the express terms of the pleading. It will not be presumed that plaintiff's intestate was "lawfully crossing the railroad" at that public street crossing. Elliott v. Northern Alabama R. Co., 222 Ala. 79, 130 So. 775. * * *' "

To the same effect is the holding in Meeks v. Southern Ry. Co., 239 Ala. 587, 588, 196 So. 102.

■ We note that Rules 34 and 35 of the Rules of Practice in the Circuit and Inferior Courts, Code 1940, Tit. 7, Ap-

pendix, are not applicable in this case because (aside from any other reason) the affirmative charges were given. These rules apply when an affirmative charge is refused. See: Davenport v. Bonner, 275 Ala. 131, 152 So.2d 678, 683.

The judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.