# Chattanooga Southern Railroad Co. v. Daniel.

*Action against Railroad Company for Killing Cattle.*

1. *Railroad company; liability for killing stock; burden of proof.*
   In an action against a railroad company to recover damages for the alleged negligent killing of cattle or stock, where the plaintiff proves the killing by one of the defendant's trains, and this is a conceded fact, there is made out a *prima facie* case for the plaintiff, and there is cast upon the defendant the

burden of excusing itself from negligence in the killing by showing a compliance with the duties imposed by law.

2. *Same; same; general affirmative charge.*—Where in an action against a railroad company to recover damages for the killing of an ox, there is evidence from which the jury could infer that the defendant's employés were negligent in not averting the accident, the general affirmative charge requested by the defendant is properly refused.

3. *Same; same; common law liability.*—While the statute imposes no duty or requirement on a railroad company in operation of its trains, as to stock seen near the track, there is a duty imposed under the common law, which requires that the railroad company should ring the bell or blow the whistle to frighten away stock when seen, or by due diligence could have been seen near the tracks, under circumstances indicating a disposition of coming upon the track, and further requires, if necessary to prevent injury to the stock, that the speed of the train should be checked or the train stopped.

APPEAL from the Circuit Court of Cherokee.

Tried before the HON. J. A. BILBRO.

This action was brought by the appellees, L. A. Daniel and J. M. Daniel, against the appellant, The Chattanooga Southern Railroad Company, to recover damages for the alleged negligent killing of an ox. The only rulings of the trial court, which are assigned as error in this court, are the refusal of the court to give the several charges requested by the defendant. The facts of the case necessary to an understanding of these charges and the rulings thereon on this appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury if they believe all the evidence, they will find the issues in favor of the defendant." (2.) "The court charges the jury if the jury believe all the evidence, they will find for the defendant as to the ox." (4.) "The court charges the jury that if the ox was grazing 25 yards away showing no intention of running towards the train, no duty to apply the brakes or blow the whistle

arose until the ox started towards the train." (5.) "The court charges the jury if they believe from all the evidence that when the train first came in sight of the steer he was grazing off some 20 or 25 yards from the track, not showing any disposition to come towards the track, and if the jury believe from the evidence that when the steer started towards the track the train was so near that it could not have been stopped by the use of all appliances used on well regulated trains before it struck the steer, then the defendant is not liable as to the steer." The third charge is not here copied since, as stated in the opinion, the assignment of error as to the court's refusal to give said charge is not insisted upon by the appellant.

From a judgment in favor of the plaintiff the defendant appeals, and assigns as error the court's refusal to give the several charges requested by it.

BURNETT & CULLI, for appellant.—When seen by the engineer, the ox alleged to have been killed was standing near the track and was manifesting no intention of going upon the track. Under such circumstances, the engineer owed it no duty that it did not perform. Even if it were true that he did not apply the brakes or try to stop, the evidence shows that any such effort would have been useless and fruitless. It was not his duty to try to stop before it showed any disposition to come towards the track. Nor was it his duty to give any alarm signal till it started to the track or showed an intention of doing so.—*Yazoo R. R. Co. v. Whittington,* 21 So. Rep. 249; *E. T. V. & G. R. R. Co. v. Bayliss,* 77 Ala. 429; *West. R. Co. v. Lazarus,* 88 Ala. 453. From undisputed evidence, then, we think defendant should have had the affirmative charge as to the steer.—*Anderson v. B. M. R. R. Co.,* 109 Ala. 129, and authorities cited.

The fifth charge asserts the proposition that if the ox was grazing 20 or 25 yards from the track when the train first came in sight of it, and the further well settled proposition that if after it started the train was too near to stop, no duty devolved on the defendant to try to stop, and that defendant under such circumstances was not liable.—*A. G. S. R. R. Co. v. McAlpine & Co.,* 75 Ala. 113; *E. T. V. & Ga. R. R. v. Bayliss,* 75 Ala. 466.

[Chattanooga Southern Railroad Co. v. Daniel.]

DANIEL & BRINDLEY, *contra*, cited, *Railroad Co. v. Cochran*, 105 Ala. 354; *Railroad Co. v. Jarvis*, 95 Ala. 149; *Railroad Co. v. Harris*, 98 Ala. 326; *Railroad Co. v. Bayliss*, 74 Ala. 150; *Railroad Co. v. Malone*, 46 Ala. 391; *Railroad Co. v. Jones*, 56 Ala. 507; *Railroad Co. v. Powers*, 73 Ala. 244.

DOWDELL, J.—This was an action for damages for the negligent killing of an ox, the property of plaintiffs in the suit, by defendant's locomotive and train. The killing by defendant's train was a conceded fact. This made a *prima facie* case for plaintiffs, and placed upon the defendant the burden of exculpating itself from negligence in the killing by showing a compliance with the duties imposed by the statute.—*Bir. Min. Railroad Co. v. Harris*, 98 Ala. 326; *Ga. Pac. Railroad Co. v. Blanton*, 84 Ala. 157; *A. G. S. Railroad Co. v. McAlpine*, 75 Ala. 114; *E. T. V. & Ga. Railroad Co. v. Bayliss*, 75 Ala. 466; *L. & N. R. R. Co. v. Posey*, 96 Ala. 262.

The defendant requested in writing five charges as shown by the record. The refusal of the trial court to give these charges are the only errors assigned. The first and second charges requested are in effect the same, and nothing more nor less than the general affirmative charge.

The engineer in charge of the locomotive which did the killing, testifying in behalf of the defendant, stated that the locomotive and train were provided with all the modern appliances for stopping trains used on well regulated railroads, and that when the ox ran upon the track, the proper signals were given and the brakes were applied. This being true, the natural result would have been to check the speed of the train. The witness Joe Edge, who was examined on behalf of the plaintiffs, testified that the train was about one hundred or one hundred and fifty yards from the ox when the whistle blew, and that the ox then seemed to be standing still on the track, and that the speed of the train was never checked. There was, therefore, clearly a conflict in the evidence as to a material fact. Where there is a conflict in the evidence as to a material fact, or where the evidence is of that

character, that it will authorize a reasonable inference of a material fact negativing the right of recovery of the party requesting the general charge, in such cases, the general charge should never be given.—*Anderson & Shackleford v. Bir. Min. Railroad Co.*, 109 Ala. 129; *Moody v. Ala. Great Southern R. R. Co.*, 99 Ala. 553.

The statute imposes no duty or requirement upon a railroad company in the operation and running of its trains, as to stock when seen in proximity to the railroad track. By the express terms of the statute the duties of applying the brakes and reversing the engine are exacted and required when the obstruction is perceived upon the track. But independent of the statute there are duties and obligations imposed under the common law. Among such duties is that of ringing the bell or blowing the whistle to frighten away stock, when seen, or by due diligence could have been seen, in close proximity to the track, under circumstances indicating a disposition of going upon the track, and if necessary to prevent injury to the stock, the further duty of checking the speed or stopping the train.—*S. & N. Ala. R. R. Co. v. Jones*, 56 Ala. 507; *East Tenn. Va. & Ga. R. R. Co. v. Bayliss*, 77 Ala. 429; *K. C. M. & B. Railroad Co. v. Watson*, 91 Ala. 483. In all of these cases, however, it must be observed, that the mere fact-of close proximity alone of the animal, is not sufficient to exact a performance of these duties by the railroad company or its agents, but such close proximity must be attended with circumstances or conditions indicating danger.

There was evidence on the part of the defendant that when the ox was first seen by the enginer, the animal was grazing with head down in an open field and about 25 yards from the railroad track, and manifested no disposition of going towards the track, and not until the train was in about 75 yards of the ox, when he raised his head and started suddenly and rapidly towards the track, at which time the engineer says he sounded the cattle alarm, applied brakes etc. There is no evidence that the ox started towards the *train*, and this being the fact hypothesized in written charge 4, rendered the charge abstract, and for that reason was properly refused.

[Adler v. Prestwood & Knowles.]

The fifth charge requested by the defendant was bad in that it ignored the duty of the defendant's engineer to use the precautionary·means of checking the speed of the train in order to afford an opportunity of escape to the animal. The duty to check the speed of the train to prevent injury may be as imperative as the duty to stop the train.

The assignment of error as to the third charge not being insisted on, it is unnecessary to notice the same.

We find no error in the record, and the judgment of the circuit court is affirmed.