# *Ex Parte* Southern Ry. Co.

### *Injury to Animal.*

(Decided April 17, 1913.   61 South. 881.)

*Railroads; Injury to Animal; Burden of Proof.*—Section 5476, Code 1901, is not confined in its operations as to persons, stock, or property, to injuries sustained only at the points covered by the preceding sections.

CERTIORARI to Court of Appeals.

Petition by the Southern Railway Company for certiorari to the Court of Appeals to review its judgment affirming the judgment of the trial court, reported as *So. Ry. v. Cobb*, 6 Ala. App. 459; 60 South. 426, where the charge complained of may be found set out. Certiorari denied.

LAWRENCE E. BROWN, for appellant. The appellate court was in error in holding that charge A misplaced the burden of proof, and should have held that the charge asserted a correct proposition of law.—*So. Ry. Co. v. Smith,* 50 South. 390; sec. 5476, Code 1907; *Bir. Min. R. R. Co. v. Harris,* 98 Ala. 326.

BOULDIN & WIMBERLY, for appellee. The case of *So. Ry. v. Penney,* 164 Ala.188, is conclusive against the contention of the appellant, and the petition should be denied.

ANDERSON, J.—The Court of Appeals followed the case of *Southern R. R. Co. v. Penney,* 164 Ala. 188, 51 South. 392, as to the construction given section 5476 of the Code of 1907 as to the burden of proof. It is now insisted that this case is wrong, and is opposed by the case of *Southern R. R. Co. v. Smith,* 163 Ala. 174, 50 South. 390.

Section 5476 of the Code of 1907 is practically a re-adoption of the act of 1887, which appeared in the margin of the Code of 1886, but which said act was not embraced in the Code of 1896, and which said Code contained a section practically the same as section 1147 of the Code of 1886. In other words, when the Code of 1886 was adopted, section 1147, which changed its predecessor in the Code of 1876, was superseded by the act of 1887, and which appeared upon the foot of page

300, and which said act was the last expression on the subject when the Code of 1896 was adopted; but the codifier, instead of incorporating the act as section 3443 of the Code of 1896, reproduced section 1147 of the Code of 1886, which had been repealed by the act of 1887, and which was the condition of the statute when construed in the case of *A. G. S. R. R. Co. v. Boyd,* 124 Ala. 526, 27 South. 408. The codifier of the Code of 1907, made section 5476 conform to the act of 1887, and which was construed in the case of *Birmingham Mineral Railroad Co. v. Harris,* 98 Ala. 326, 13 South. 377, wherein the cases of *Georgia Pacific R. R. Co. v. Hughes,* 87 Ala. 610, 6 South. 413, and *M. & E. R. R. Co. v. Perryman,* 91 Ala. 413, 8 South. 699, were expressly overruled. The *Harris Case* was followed in the case of *L. & N. R. R. Co. v. Davis,* 103 Ala. 661, 16 South. 10, and the act of 1887, as there construed, was placed in the present Code, and, presumably, the Legislature intended to change the statute as it appeared in the Code of 1896, and place the burden of proof on railroads of acquitting themselves of negligence for killing or injuring persons or stock, whether at places mentioned in the three preceding sections or not.

There is a manifest distinction between section 5476 of the Code of 1907 (act of 1887) and section 3443 of the Code of 1896, and the *Smith Case, supra,* incorrectly holds that there was no material change, and that the burden of proof was on the railroad, under the present Code, only when injury occurred at a point covered by the three preceding sections. This court had heretofore drawn a very decided distinction between the act of 1887 and section 3443 of the Code of 1896. In the *Harris* and *Davis Cases, supra,* it was held that the act of 1887 placed the burden upon the railroad whether the injury was or was not at a point covered by the

three preceding sections, yet held in the *Boyd Case, supra,* that section 3443 of the Code of 1896 placed the burden of proof upon the railroad only as to points covered by the three preceding sections. The Legislature, presumptively aware of these interpretations, adopted the Code of 1907 with the act of 1887 reproduced as section 5476, and as construed in the *Harris* and *Davis Cases, supra.* Had no substantial change been intended, or if the Legislature meant to place the burden upon the railroads only at points covered by the three preceding sections, it would have readopted without change section 3443 of the Code of 1896, and which was construed in the *Boyd Case, supra,* as placing the burden upon the railroad only at points covered by the three preceding sections. In view of the history of this statute, and the different constructions placed upon same, as appearing in the act of 1887 and the Codes of 1876 and 1867, and in different language in the Code of 1896, it would do violence to the letter of section 5476 of the present Code, as well as the legislative intent, to hold that the change in the present Code from the section appearing in the Code of 1896 was immaterial and meant nothing. It may be true that the *Penney Case, supra,* dealt with stock, and that the *Smith Case, supra,* dealt with a person; but the statute does not warrant a distinction between persons and stock in its application. The statute makes no distinction, and deals with persons and stock in the same language and under the same conditions. It may be true that the statute, as it existed prior to the act of 1887, placed the burden on the railroad only as to stock; but said act included persons with stock, and leaves no room for making a distinction.

Regardless of the wisdom of this statute, or the constitutional objections that may be urged against it,

when given so broad an interpretation, there is absolutely no escape from the conclusion that by the adoption of section 5476 of the present Code in the language of the act of 1887, which had been construed in the *Harris* and *Davis Cases,* the Legislature could not have meant that the burden of proof was placed on railroads only at points covered by the three preceding sections. We therefore hold that the case of *Southern R. R. Co. v. Penney,* 164 Ala. 188, 51 South. 392, is sound, and the case of *Southern R. R. Co. v. Smith,* 163 Ala. 174, 50 South. 390, is expressly overruled in so far as it holds that section 5476 of the present Code places the burden of proof upon railroads only at points covered by the three preceding sections. There are also expressions in the cases of *Carlisle v. A. G. S. R. R. Co.,* 166 Ala. 591, 52 South. 341, and *L. & N. R. R. Co. v. Holland,* 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25, which indicate that the burden of proof is only upon the railroad as to points designated in the three preceding sections, and those expressions must be qualified, as they are not warranted by the letter and previous construction of section 5476 of the Code of 1907. In discussing this question, we deal with section 5476 as a mere rule of evidence, and do not think that it makes any distinction between stock and persons, or is confined to injuries at points covered by the three preceding sections. We are, of course, aware of the fact that in the practical application of said statute there may be a distinction between stock and persons, as one can be, and the other is not, deemed a trespasser. Nor do we mean to hold that the statute enlarges the care owing a trespasser, or that it increases the liability to them, or that it changes the rule of pleading, so as to relieve the plaintiff from averring that he is not a trespasser when charging only simple initial negligence.—*L. & N. R. R.*

*Co. v. Holland,* 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25. What we do hold is that this statute does make a change from what the law was in the Code of 1896, and as so changed is not confined in its operation to persons, stock, or property as to injuries sustained only at points covered by the three preceding sections, as was held in the *Smith Case, supra.*

MCCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ., concur in the opinion and the conclusion. MAYFIELD and SAYRE, JJ., concur in the conclusion only. They think that this and the *Penney Case* can be differentiated from the *Smith Case,* and that there is no necessity for overruling said *Smith Case.* DOWDELL, C. J., not sitting.