(75 South. 401)

### CENTRAL OF GEORGIA RY. CO. v. WILLIAMS. (4 Div. 712.)

(Supreme Court of Alabama. April 26, 1917.)

1. PLEADING ⬥131 — PLEA — AVOIDANCE — BAR.

Railway company's plea in action for killing cattle claiming release of liability, but denying negligence charged, was bad, since it sought to avoid liability, but failed to confess negligence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 277, 278.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. PLEADING ☞87 — PLEA — MODE OF — IN GENERAL.**

It is an elementary principle that a plea must either traverse or confess and avoid matter alleged in complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 180.]

**3. PLEADING ☞131—CONFESSION AND AVOIDANCE.**

In a plea of confession and avoidance the confession is as essential as the avoidance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 277, 278.]

**4. RAILROADS ☞441(1)—INJURY TO ANIMALS —BURDEN OF PROOF.**

If defendant's train caused death of plaintiff's animals, burden was on defendant to show that no negligence attributable to it proximately caused the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1577, 1582, 1593–1595.]

**5. RAILROADS ☞446(1)—REFUSAL OF AFFIRMATIVE CHARGE—CONFLICTING EVIDENCE.**

Where evidence was conflicting as to railway company's liability for death of animals struck by a train, affirmative charge for defendant was properly refused.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1627.]

**6. NEW TRIAL ☞70—REFUSAL OF REQUEST— CONFLICTING EVIDENCE.**

Where evidence was conflicting as to railway company's liability for death of animal struck by a train, a new trial on the ground of insufficiency of evidence was properly refused.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 142, 143.]

**7. RAILROADS ☞447(3)—INJURY TO ANIMALS —INSTRUCTIONS.**

Instruction that, if defendant's train injured plaintiff's cattle, market value could be recovered, was not erroneous, where defendant offered no proof showing absence of negligence of its operatives, in view of Code 1907, § 5476, placing the burden of such proof upon the defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1645.]

**8. RAILROADS ☞415(2)—INJURY TO ANIMALS —DUTY OF ENGINEER TO KEEP LOOKOUT.**

An engineer is only required to keep such constant and careful lookout for animals as is consistent with discharging his other duties; hence instruction that no duty rested on engineer to prevent the killing of stock till there was an obstruction on the track or until there reasonably appeared to be danger was properly refused.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1477.]

**9. RAILROADS ☞419(5) — INJURIES TO ANIMALS — ENGINEER'S DUTY TO AVOID COLLISION.**

An engineer upon seeing an animal in dangerous proximity to track is required to use more than mere ordinary care and prudence to avoid collision, in order to absolve the company from liability.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1497.]

**10. TRIAL ☞253(3) — INSTRUCTIONS — UNAVOIDABLE ACCIDENT.**

A requested charge holding railway company not liable for unavoidable injury to animal on the track was misleading because pretermitting engineer's possible negligence in discovering danger.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616.]

**11. RAILROADS ☞447(1) — INJURIES TO ANIMALS—INSTRUCTIONS.**

Requested charge holding railway company not liable, if killing of animal was not result of company's "positive misconduct or carelessness" was faulty in use of the word "positive."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1642, 1644.]

**12. DAMAGES ☞62(3)—INJURY TO ANIMALS— PLAINTIFF'S DUTY TO REDUCE DAMAGES.**

Plaintiff should, where possible, minimize damages suffered through the killing of an animal by railroad by exercising reasonable diligence to utilize animal's carcass and hide, and if he fails to do so amount of damages recoverable will be proportionately reduced, but this rule is not restricted to the market value of the salvage, although this may be properly considered.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 124–127.]

**13. TRIAL ☞252(9)—REFUSAL OF REQUEST— APPLICABILITY TO EVIDENCE.**

Instruction that it was plaintiff's duty to minimize damages by using carcass and hide of both cows killed by train was properly refused; evidence showing that meat and hide of only one cow had any value.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603.]

**14. TRIAL ☞253(3) — INJURY TO ANIMALS — INSTRUCTIONS — UNAVOIDABLE ACCIDENT.**

Charge that, if jury believed that cows came suddenly upon the track, so that engineer could not avoid collision, plaintiff cannot recover, was properly refused, since it took from jury question of defendant's negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616.]

**15. APPEAL AND ERROR ☞215(1)—NECESSITY OF OBJECTION IN TRIAL COURT — INSTRUCTIONS.**

Objection to court's failure to reduce charge to writing as required by Acts 1915, p. 815, will not be considered for the first time on appeal, where objection was not made in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309, 1310; Trial, Cent. Dig. § 685.]

**16. RAILROADS ☞418—DUTY TO USE LATEST APPLIANCES.**

Railroad companies are only obliged to adopt such appliances as are in practical use by well-regulated railroad companies which have proven adaptable to the purposes.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1488.]

Appeal from Law Court, Pike County; T. L. Borum, Judge.

Action by M. M. Williams against the Central of Georgia Railway Company for damages for killing animal. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The first count declared for the killing of two cows. The second count for one yearling. The second plea was: That at the time of filing of the complaint defendant had, and continuously has had since that time, and now has a release from the liability set forth in the complaint by virtue of the written agreement between plaintiff's husband, R. J. Williams, who is dead, and defendant (here setting out the book and page of the record

of the release). That said agreement shows the lease from defendant to R. J. Williams in which R. J. Williams was called the tenant, and that in said agreement the word "tenant" is used and declared to include the said Williams, his heirs, executors, administrators, and any person who may enter upon said described premises as the successor or assignee or licensee of said R. J. Williams, and that said plaintiff in this cause is embraced and included under and in the word "tenant" as used in said agreement. That the stock, if killed at all, were killed on the premises described within said written agreement. That in said written agreement was the following clause:

"That the tenant will save and hold harmless the company, its successors and assigns, from all damage, injury, or liability that may arise from the destruction or injury of in a building or improvement, or personal property of any description by fire or from any other cause whatever, whether the same should be attributed to the negligence of the employé of said company or not, where such damage, injury, or liability is caused or increased by reason of the use of the premises hereunder."

That the word "company," as used in said agreement, is the same as "defendant" in this cause, and that the liability or damage set forth in the complaint was caused or increased by reason of the use of the premises described in said agreement.

The following charges are noted as refused to defendant:

(9) There is no duty resting on an engineer to prevent killing stock till there is an obstruction on the track, or, at most, until there reasonably appears to be danger.

(11) If you find from the evidence that the engineer was competent to keep a proper lookout, and, having done so, saw an animal on or in dangerous proximity to the track, and the engineer, by the use of ordinary care and prudence, could not prevent the accident, defendant would not be liable for injuries done thereunder.

(12) If you believe from the evidence that the killing of any one of the animals was unavoidable, plaintiff cannot recover for the killing of such animal.

(16) If you believe from all the evidence and circumstances of the case that the killing of the animal was not the result of the positive misconduct or carelessness of defendant, its agents or servants, your verdict should be for defendant.

(16½) If the jury find from the evidence that plaintiff was informed of the accident the next morning after the accident occurred with reference to the cows, and could by reasonable diligence have used the hide or the meat, then the value of the hide and of the meat that could have been used should be deducted from the value of the cow when killed in assessing the damages.

(17) If the jury believe from the evidence that either one of the cows came suddenly from the left-hand side of the track, and so close to the train that the engineer could not stop in time to prevent the accident, then they should not find for plaintiff damages for the killing of said cow.

W. E. Griffin, of Troy, for appellant. John H. Wilkerson, of Troy, for appellee.

McCLELLAN, J. [1] The appellee sued the appellant to recover damages for the negligent killing of two cows and a yearling, the first count declaring upon the wrong suffered through the loss of the cows, and the second for the loss of the yearling. Besides the general issue, the defendant interposed amended plea 2 the theory of which was to conclude against a recovery because the plaintiff as a tenant of the defendant of a part of the unused right of way of the defendant had released damages consequent upon negligence of the character declared on. The amended plea bore an express denial of the "negligence alleged," but nevertheless claimed a release from the damages sued for. The court sustained the plaintiff's demurrer, which took the objection that the plea was neither an unqualified plea in bar nor in confession and avoidance; that, while it purported to be a plea of the latter class, yet it asserted a denial of the negligence charged. The demurrer was properly sustained.

[2, 3] It is an elementary principle of pleading that a plea, to constitute a defense, must either traverse or confess and avoid the matter of the complaint. Smith v. Agee, 178 Ala. 627 (the opinion in this case is correctly reproduced in Ann. Cas. 1915B, 129 et seq., and in 59 South. 647, while it is not so reproduced in our official report, cited above); Buddington v. Davis, 6 How. Prac. (N. Y.) 401, 403. In pleas of the latter class the confession is as essential as avoidance. Authorities supra. This plea would avoid, yet it does not confess, the negligence charged.

[4-6] Under the evidence it was necessary to submit to the jury for decision the issues tendered by both counts of the complaint. The evidence was more forceful in support of the cause of action stated in the first count than it was in support of the cause declared on in the second count. Whether the defendant's train in fact struck the yearling was a debatable question under the evidence. If the jury concluded that a train caused the animal's death, the burden was upon the defendant to show that no negligence attributable to it proximately caused the animal's injury. Ex parte Sou. Ry. Co., 181 Ala. 486, 61 South. 881. The court did not err in refusing the general affirmative charge requested by defendant either as addressed to the whole case or as separately addressed to the counts; and the same conclusion prevails with respect to the court's action in overruling the motion for new trial on the ground that the evidence did not warrant a finding of liability under both counts.

[7] Charge 2, given to the jury at plaintiff's instance, was to the effect that, if the jury found that a train of the defendant injured the yearling, the jury should return a verdict for the plaintiff for the reasonable market value of the yearling. Since the defendant offered no evidence to show the absence of negligence on the part of its operatives, made no effort to acquit itself of negligence in causing the yearling's injury, the charge 2 was given without error, for

that it hypothesized a finding of fact which, if made, served to cast the burden of proof upon the defendant to show that the animal's injury was inflicted without negligence attributable to the defendant. Code, § 5476.

[8] Charge numbered 9, refused to the defendant, did not measure up to the standard required in such cases. N. C. & St. L. Rwy. Co. v. Bingham, 182 Ala. 640, 646, 647, 62 South. 111. This charge unduly restricted the duty of the engineer with respect to the lookout he is required to keep.

[9] Charge numbered 11, refused to the defendant, misstated the degree of care and prudence the law exacts of an engineer when he discovers an animal on or in dangerous proximity to the track ahead to avoid the animal's injury. "Ordinary care and prudence" falls short of defining the extraordinary care and prudence necessary to be exercised in order to avoid liability for injury inflicted under the circumstances hypothesized in charge 11. A. G. S. R. R. Co. v. McAlpine, 71 Ala. 545, 550. The consideration given by this court to charge numbered 1, given for the defendant, in the Choate Case, 119 Ala. 611, 24 South. 373, did not bear at all upon the question made by the refusal of charge 11.

[10] Charge numbered 12 pretermits the consideration of possible negligence on the part of the engineer in discovering the danger of the animal, and was hence calculated to mislead the jury. The charge in mind of counsel in his reference to the Choate Case, supra, predicates the defendant's nonliability upon "unavoidable accident"; the quoted expression serving the purpose of excluding negligence as the proximate cause of the animal's injury. Williams v. Anniston Elec. Co., 164 Ala. 84, 93, 51 South. 385, treating charge E.

[11] Charge numbered 16, refused to the defendant, was rendered faulty in the particular, if not in others, in the use of the word "positive" as qualifying the misconduct or carelessness alluded to.

[12, 13] The charge numbered 16½ refused to the defendant the benefit of the doctrine announced in Ga. Pac. R. R. Co. v. Fullerton, 79 Ala. 298, and in M. & C. R. R. Co. v. Hembree, 84 Ala. 182, 4 South. 392, where recognition was accorded the principle that the plaintiff should, in proper cases, minimize his damage suffered through the killing of his animal by railroad by exercising reasonable diligence to utilize the carcass and the hide of the animal so killed; and if the plaintiff fail to so utilize the value of the carcass and of the hide, the amount of defendant's liability was due to be tolled to the extent of the value thus lost through the want of the proper observance by the plaintiff of his duty in this regard. It was not error to refuse this request. If it could be said that the evidence of the section foreman afforded sufficient data from which the jury could find the value of the meat and the hide of one only of the two cows, the requested instruction refers to both of the cows; whereas the only possible evidence on the subject disclosed that the meat and hide of one only of the two cows had any value or could, with reasonable diligence, have been utilized by the plaintiff. The rule announced in the Fullerton and Hembree Cases, supra, is not restricted to the market value of the salvage, though, of course, that is a possible factor in showing the bases for the application of the rule.

[14] Charge numbered 17, refused to the defendant, is said to be justified by the decision of this court in L. & N. R. R. Co. v. Brinckerhoff, 119 Ala. 606, 24 South. 892, treating charge 5. The decision of that case on that point has been repudiated. C. of Ga. Rwy. Co. v. Brister, 145 Ala. 432, 40 South. 512; Reaves v. Maybank, 193 Ala. 614, 624, 69 South. 137.

[15] Complaint is made in brief that the charge of the court delivered ex mero motu was not reduced to writing, citing General Acts 1915, p. 815. Since this objection to the method of charging the jury, if it has any merit, was not made in the court below, it cannot be considered here for the first time on appeal.

[16] The full oral charge of the court is not set out in the transcript, as is required by the provisions of General Acts 1915, p. 815. This requirement should, of course, be observed in every instance. The transcript discloses that exception was reserved by the defendant to this sentence of the general charge: "The burden is upon the defendant to show that the railroad had the latest appliance." This statement was too exacting, to the prejudice of the defendant, in respect of its equipment. In L. & N. R. R. Co. v. Reese, 85 Ala. 497, 502, 5 South. 283, 7 Am. St. Rep. 66, it was said, in definition of the reasonable care due to be observed by railroad companies in adopting and using equipment for their purposes, that they fulfilled "the measure of their duty, in this respect, by adopting such appliances and contrivances as are in practical use by well-regulated railroad companies and which have been proved by experience to be adapted to the purposes." This doctrine is established in this state. In the quoted extract from the court's general charge the duty of the railroad was declared to be to adopt the latest appliances—a measure of duty that far exceeded that prescribed in the rule above restated. This statement constituted prejudicial error. Because of it the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.