(121 So. 704)

**BOSHELL v. ILLINOIS CENT. R. CO.**
**(6 Div. 327.)**

Supreme Court of Alabama.   April 11, 1929.

James J. Ray, of Jasper, for appellant.

Davis, Curtis & Hunter, of Jasper, for appellee.

GARDNER, J.   Plaintiff's colt was killed by defendant's train, and she sues to recover for its loss. The cause was tried before the court without a jury on oral proof, resulting in a judgment for defendant. The finding of the trial judge on the facts, therefore, is to be accorded the weight of a jury verdict. Yancey v. Denham, 211 Ala. 138, 99 So. 851; McNaron v. McNaron, 210 Ala. 687, 99 So. 116.

The witnesses for plaintiff established the fact the colt was killed by defendant's train, and this sufficed to shift the burden to defendant to show that the killing was not negligently done. Louisville & N. R. Co. v. Carter, 213 Ala. 393, 104 So. 754; Louisville & N. R. Co. v. Watson, 208 Ala. 319, 94 So. 551; Southern R. Co. v. Harris, 207 Ala. 534, 93 So. 470. The defendant offered no witnesses.

If, however, the evidence offered as to the killing also justified a finding of no negligence, the fact that defendant introduced no proof is not a matter of consequence, as it is immaterial by which party to the litigation

the evidence is offered. Louisville & N. R. Co. v. Coxe, 218 Ala. 25, 117 So. 293.

[redacted] While the complaint alleges the colt was killed at a place in the town of Nauvoo, Walker county, yet we think from the proof the trial court would be entirely justified in the conclusion this averment had not been proven. Nor was there any public road crossing at this place. Any duties arising under any such circumstances above noted are therefore without application here. It appears there was a private road that crossed the track, but its exact location is very indefinite. The colt was in the public road that runs parallel to the railroad, and about 75 feet distant. There was only one eyewitness, and from her testimony it appears the colt was on this road when the train came by, and, as the engine was about even with it, ran in the direction of the train. The engine, however, had passed, and the colt ran by the side of the train some little distance until the trestle was reached. It then jumped on the guard rail of the trestle and was struck by the third car to the rear of the engine. At the trestle, at this point, there was a way for stock to go down the embankment, which they sometimes did, and by so doing the colt would not have been struck. The witness further stated that the bell was not rung nor the whistle blown. But a detail discussion of the evidence is not intended. Suffice it to say the same has been carefully read and considered by the court in consultation, and the conclusion reached that the finding of the trial court should not be here disturbed. Southern R. Co. v. Wyley, 200 Ala. 14, 75 So. 326; Atlanta, B. & A. R. Co. v. Ballard, 203 Ala. 220, 82 So. 470.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.