(134 So. 8)

## LOUISVILLE & N. R. CO. v. SELLERS.
### I Div. 644.

Supreme Court of Alabama.
April 14, 1931.

Barnett, Bugg, Lee & Jones, of Monroeville and Steiner, Crum & Weil, of Montgomery, for appellant.

L. S. Biggs, of Monroeville, for appellee.

FOSTER, J.

█ The evidence in the case is sufficient to support a fair inference by the jury that the cow and yearling were struck by defendant's train of cars on April 19, 1929, and were injured so that defendant's section foreman killed the yearling, and the cow was perhaps permanently and seriously injured. The court correctly charged the jury that, if they found such to be the fact, the burden was then upon defendant to show that there was no negligence on the part of the company or its agents. Section 9935, Code; Ex parte Southern Ry. Co., 181 Ala. 486, 61 So. 881; Central of Ga. Ry. Co. v. Williams, 200 Ala. 73, 75 So. 401; Id., 202 Ala. 496, 80 So. 880; Boshell v. Ill. Cent. R. Co., 219 Ala. 188, 121 So. 704.

██ The only evidence offered by defendant was the testimony of the engineer and fireman of the engine which probably injured the cattle. They merely testified that they knew nothing of having injured the cattle, did not see, feel, or hear anything to indicate such injury, and that the engineer "kept the usual lookout for stock." He does not say that at that point he was looking ahead or that he was then performing other duties. While the duty to keep a lookout for animals on the track is not absolute, but it is consistent with the other duties of the engineer, the burden is on defendant to show a compliance with that duty. It must show that the lookout was maintained or that the engineer and fireman were otherwise engaged. The testimony that the engineer kept the "usual lookout" is not a clear-cut statement of the performance of the duty either to keep the lookout in fact at that particular time or that he was engaged in his other duties so that he could not do so.

The statute puts the burden on defendant, when the conditions exist which are named in it, to refute all negligence of the company or its agents.

██ The fact that the engineer and fireman did not see the stock and prevent the injury does not acquit them of negligence. The defendant was not due the affirmative charge therefore, and the jury could quite consistently find, as they did, that defendant had not shown a performance of its legal duties, and that it was not negligent. The motion for new trial on the ground that the verdict was contrary to the evidence was properly overruled.

As there is no other assignment of error, the judgment is affirmed

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.