## SOUTHERN RY. CO. v. HOLDER.

### 8 Div. 645.

Supreme Court of Alabama.

April 11, 1935.

Rehearing Denied June 4, 1935.

W. H. Mitchell, of Florence, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

GARDNER, Justice.

Plaintiff's car and contents were destroyed in the night by collision at a road crossing with defendant's passenger train, and, from a judgment for plaintiff, defendant appeals.

The crossing was not a public road crossing, and the provisions of section 9952, Code 1923, were therefore inapplicable. Walker v. Ala., Tenn. & Northern Ry. Co., 194 Ala. 360, 70 So. 125, 127.

But the crossing, though not a public one, did serve the public of that neighborhood, and the defendant held out an invitation to the public to cross at this particular place by preparing and maintaining the same for the public convenience, and the proof shows it was so used. The defendant, therefore, assumed in the operation of its trains, without regard to the statute, "the burden of exercis-

ing reasonable precautions to protect the public when using it on such inducement or invitation; the degree of care to the measured, not by the absolute requirements of the statute, but by the potentialities and probabilities of the situation thus created." Walker v. Ala., Tenn. & Northern Ry. Co., supra; 52 Corpus Juris, 232.

As to whether or not, under the proof, there was such general use of the crossing by the public and such invitation for use by the defendant, as to place the burden of the exercise of reasonable precaution for the public's protection upon defendant, were questions properly submitted by the trial court for the jury's determination.

Plaintiff insists there was no whistle blown or other warning of approach of the train, and that he stopped, looked, and listened before proceeding on to the crossing without discovering defendant's train. Whether there was initial negligence on defendant's part in this regard, was a question also properly submitted to the jury.

Plaintiff's car, at the time of the collision, was halted upon the crossing, not, as he insists, on account of engine trouble, but because of the front wheels striking something as they went over the first rails, which caused them to slip up the track a few feet to such an extent that the car could not be made to go either forward or backward. One Coffey Middleton, who accompanied plaintiff, and who was at the gate which he had opened for the car to enter the inclosure, called out that the train was coming, and plaintiff then, after making an effort to extricate his car, abandoned it to save himself.

Defendant places much reliance upon the case of Southern Railway Co. v. Hale, 222 Ala. 489, 133 So. 8. But the determining factor in that case was the question of proximate cause. The request for the affirmative charge as to count A does not suffice to present that question. This for the reason that under such a count a recovery, under our decisions, could be had upon the theory of subsequent negligence, irrespective of the question of initial negligence which alone relates to the matter of proximate cause as presented in the Hale Case. And the question does not appear to have been otherwise raised on the trial of the cause. The conclusion here is that the question of subsequent negligence was for the jury.

The evidence is conflicting as to the speed of the train, 35 to 45 miles per hour, the number of coaches, six or seven to nine, and the distance the track was straight in the direction of the train's approach—594 feet to 200 feet. The coaches were of estimated length of 50 or 60 feet to 80 feet—plaintiff insisting the train went a distance of three or four coaches "back this side of the car before it stopped." The engine headlights were burning, as well as lights on plaintiff's car. The engineer was looking ahead, and the jury could reasonably infer from the proof that he saw the car upon the crossing at a greater distance than he stated, and, thus considering all the proof, we are persuaded the jury could reasonably infer there was negligence in failing to more promptly bring the train to a stop after discovering the car on the crossing.

Pretermitting the question of recovery for initial negligence as unnecessary for decision, we are of the opinion the case was properly presented to the jury upon the theory of subsequent negligence and the affirmative charge as to each count refused without error.

What has been said suffices also for our conclusion there is no merit in the exceptions reserved to the court's oral charge, and further elaboration is deemed unnecessary.

Like observations are applicable as to those assignments of error rested upon charges refused to defendant, with the exception of refused charge 8. As to this latter charge, we think it properly refused as abstract. Clearly, there was nothing in the way of any substantial proof tending to sustain the theory of the charge, and at most such a theory could only find support in a mere conjecture.

Nor do we discover error in overruling demurrer to the complaint. Walker v. Ala., Tenn. & Northern Ry. Co., supra.

The argument as to the ruling on motion for new trial is rested upon matters hereinabove discussed, and needs no further consideration.

We find no reversible error. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.