187 So. 630
ALABAMA GREAT SOUTHERN R. CO. v. SMELLEY.

6 Div. 453.

Supreme Court of Alabama.

March 23, 1939.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Henry H. Mize and John R. Bealle, both of Tuscaloosa, for appellee.

FOSTER, Justice.

This is a suit at law for the recovery of damages for killing plaintiff's mule at one time and his cow at another by defendant's train of cars on its railroad track.

The mule was killed at a public road crossing the track at Cottondale, Alabama, near the station, and where the crossing is about the center of a sharp curve extending about one thousand feet toward the left going toward Tuscaloosa from Birmingham, which we assume to be in a southwesterly direction. So that the crossing was about five hundred feet from where the curve began and obstructed the view of the engineer.

The train was a very heavy freight traveling at the rate of about thirty-five or forty miles an hour. The crossing signal was blown beginning at the post about a quarter of a mile from the crossing, which continued virtually to it, where the mule was struck. The engineer first saw the mule when a little more than one hundred feet away, and could not have seen him earlier because of the curve. He was then near and approaching the track

from the right side of the train. The engineer did nothing to avert the injury further than the blowing of the crossing signal. He said it would have done no good. His train was well equipped in every way, but that he could not stop the train in time to avert the collision, and made no effort to do so. This was about two o'clock in the morning. There was also a horse approaching the track very close ahead of the mule. The horse got across, but the mule did not. Nothing was done to check the speed of the train, though the use of the brakes would have done so, especially the emergency brakes.

## The Cow.

She was injured about the lower end of the same curve not at a crossing, in the day time, by another freight train going in the same direction. She was on the left side of the track in view of the fireman, but not of the engineer, on the top of a fill about twenty-five feet high, about three feet from the ends of the ties, and when seen by the fireman on the approach of the train she was looking toward the train, apparently had been eating grass but standing still. The fireman had been on his box looking ahead since they first entered the curve, as was his duty, and noticed the cow as they passed the depot, variously estimated to be two hundred and twenty-five to four hundred yards from where she.was. The engineer had blown for the road crossing, but gave no other signal until they reached the place where the cow was, and did not check the speed, and was not notified by the fireman of the position of the cow. The cow does not seem to have been struck by the engine, but after the train passed she was seen to have been injured. No one saw the impact or what part of the train hit her.

The foregoing facts are without material conflict, and constituted substantially the evidence relating the circumstances of the accidents.

Appellant insists that the affirmative charge should have been given at its request as to each count separately, and that, in the alternative, a new trial should have been granted.

Section 9952, Code, among other things, provides that the engineer must blow the whistle or ring the bell "immediately before entering any curve crossed by a public road, where he cannot see at least one-fourth of a mile ahead, and must approach and pass such crossing at such speed as to prevent accident in the event of an obstruction at the crossing."

We have shown that the mule was killed at such a place. Whether the requirements of the provisions of the law quoted above were complied with was a jury question, with the burden on defendant. Nothing further need be said to show that the affirmative charge was not due defendant on the count based upon that situation. Miles v. Hines, 205 Ala. 83, 87 So. 837.

The cow was not injured at a public road crossing on a curve, and, therefore, the above quoted feature of section 9952, Code, has no application to that accident. Atlantic Coast Line R. Co. v. Jackson, 221 Ala. 646, 130 So. 388; Southern R. Co. v. Hale, 222 Ala. 489, 133 So. 8; Southern Ry. Co. v. Holder, 230 Ala. 500, 161 So. 513.

Whether the cow was dangerously near the track on the approach of the train as seen by the fireman, so as to indicate danger of injury to her, was for the jury to find, and there was evidence which was sufficient to support a finding that such condition existed. The fireman saw this condition if it existed something like two hundred to four hundred yards away. Whether the whistle should have been sounded or bell rung or speed slackened, and by so doing the danger lessened and the accident averted, were questions for the jury.

The duty existed to do some or all of them if the cow was in dangerous proximity to the track and likely to be injured by the approaching train, and this was discovered by the fireman in time to have used some such precaution having a reasonable tendency to avert the accident. The authorities are numerous to that effect. Chattanooga South. R. Co. v. Daniel, 122 Ala. 362, 25 So. 197; Chattanooga South. R. Co. v. Wilson, 124 Ala. 444, 27 So. 486; Central of Georgia R. Co. v. Williams, 200 Ala. 73, 75 So. 401.

The burden of proof to show that there was no negligence was on the defendant, if the jury found that the cow was killed by defendant's train of cars. Section 9955, Code; Louisville & Nashville R. Co. v. Sellers, 222 Ala. 615, 134 So. 8; Ex parte Southern R. Co., 181 Ala. 486, 61 So. 881; Central of Georgia R. Co. v. Williams, 200 Ala. 73, 75 So. 401.

There was therefore no error in refusing to give the affirmative charge, requested by the defendant, on the count relating to the injury to the cow.

On motion for a new trial, all that need be said is that in our opinion the verdict was justified by the evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.